WILLIAM T. MASON et al.

v.

THE PEOPLE ex rel. Gordon, State's Attorney.

*Opinion filed April 17, 1900.*

1. SCHOOLS—*essentials of appeal where school boards deny petition to form new district.* Where part of the school boards of districts affected by the proposed formation of a new school district refuse to grant the prayer of the petition, the petition is defeated unless their decisions are reversed on appeal, and to that end appeals must be taken from the adverse decision of each board and must be taken to the same tribunal.

2. SAME—*school board whose decision is appealed from is entitled to notice.* The tribunal to which is taken an appeal from the decisions of school boards refusing to grant the prayer of a petition to form a new school district should give notice to the boards whose decisions are appealed from, and has no jurisdiction to grant the prayer of the petition unless the adverse decisions of all the boards are before it on the appeal.

3. SAME—*what essential to legal formation of new school district.* In order that the formation of a new school district from parts of others shall be legal, it must be alleged in the petition and be found as a fact that at least two-thirds of the legal voters living within the territory to be made into a new district signed the petition and that said territory contained at least ten families.

4. QUO WARRANTO—*what is not an estoppel to quo warranto against school directors.* That a school house site has been selected, contracts for work and materials made, bonds issued and sold and a teacher engaged does not operate as an estoppel against a proceeding by information in the nature of a *quo warranto* against school directors to test the legality of the organization of the district, where it does not appear that the bonds were sold or the money expended before the filing of the information, and the hiring of the teacher was after that time.

APPEAL from the Circuit Court of Henderson county; the Hon. JOHN A. GRAY, Judge, presiding.

RAUS COOPER, and KIRKPATRICK & ALEXANDER, for appellants.

JAMES W. GORDON, State's Attorney, (NORCROSS & TODD, and GRIER & STEWART, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court an information in the nature of *quo warranto*, signed by the State's attorney of Henderson county, was filed in the circuit court of said county against appellants, claiming to be school directors of a newly formed school district, charging that said alleged school district was not legally formed, and calling upon appellants to answer and show by what right or authority they claimed to exercise the franchise of a school district and to hold the office of school directors. The information contained five counts with no substantial difference between them, and defendants answered with six pleas, the first two setting out, as justification, proceedings for the organization of the district and their election, and the remainder alleging facts which the defendants claimed should prevent the court, in the exercise of a sound legal discretion, from proceeding to judgment of ouster. The court sustained a general demurrer to all the pleas and rendered judgment of ouster against the defendants, and for costs.

The two pleas of justification set up proceedings for the formation of a new school district composed of lands taken from five existing school districts lying in four different townships and two counties. Two of the townships were in Warren county and the other two in Henderson county. According to the pleas, petitions were presented to the trustees of schools of the several townships at the annual meeting of April 3, 1899, asking for the formation of the new district. The statute authorizes the formation of a district in such case at the April meeting by the concurrent action of the several boards of trustees in the townships in which the districts affected lie, each board being petitioned as provided for in the School law. To grant the prayer of the petition and form the district required favorable action by each of the four boards of trustees, but three of the boards de-

cided against the prayer of the petition and refused to grant it. The scheme to form the new district was therefore defeated, so far as the trustees of schools were concerned.

There was a right to appeal from the adverse decisions, and as the proposed district was divided by a county line, the appeal could be taken to the county superintendent of schools of either Warren county or Henderson county. The county superintendent to whom the appeal might be taken was required to give notice to the county superintendent of schools of the other county of the pendency of the appeal and of the time and place when and where it would be heard. Both county superintendents were then required to meet together at such time and place and hear and determine the appeal, and in case of disagreement were to call in the county judge of the county where the appeal was pending, and in that case the appeal was to be determined by the three. The pleas alleged that an appeal was taken from the decision of the trustees of the township which decided to grant the prayer of the petition, to the county superintendent of schools of Warren county, and that the record of the appeal was filed with the county superintendent April 7, 1899. This appeal was taken by three persons, legal voters, who appeared before the trustees and opposed the petition. Three of the four boards refused to grant the petition, and it was defeated, so that these parties had obtained precisely what they asked for and could not take an appeal. (*Gray* v. *Jones*, 178 Ill. 169.) The pleas aver that in one of the other townships where the trustees refused to grant the petition, William T. Mason appealed from their decision to the superintendent of schools of Warren county and gave the requisite notice therefor. The information alleges that he was one of the petitioners, and counsel say that he was a petitioner, but the pleas say that he was a legal voter who appeared and opposed the petition. If a petitioner, he had a right

to appeal from an adverse decision.   The papers in his appeal were filed with the superintendent of schools of Warren county April 10, 1899.   The pleas, however, also aver that said William T. Mason appealed from the decision of a board of trustees of another township that refused to grant the petition, to the superintendent of schools of Henderson county.   According to the pleas, this other board adjourned from April 3 to April 8 and acted upon the petition at that time, when said Mason appealed to the superintendent of schools of Henderson county and perfected the appeal by filing his papers April 8.   No appeal was taken by any one from the fourth board of trustees who refused to grant the petition. Nothing was ever done under the appeal to the superintendent of schools of Henderson county, which was perfected two days before the other appeal.   The superintendent of Warren county gave notice to the superintendent of Henderson county that the hearing of the appeal would take place May 12, 1899, and on that day the appeal was heard, and the superintendents disagreed and called in the county judge of Warren county, who agreed with the superintendent of Henderson county and reversed the decision appealed from and granted the prayer of the petition.

Whatever may have been the effect of the prior appeal of William T. Mason to the county superintendent of Henderson county and its pendency there, there was no appeal by any one from the adverse decision of one township.   It was necessary to reverse the decisions of the three boards which were against the petition.   They would stand until reversed or set aside upon appeal, and the boards are the local authorities having jurisdiction of the question, so that an appeal at least implies that they will have notice and an opportunity to be heard if their decision is appealed from.   There could be but one appeal or one place where the appeal would be pending, but the appellate tribunal could not reverse a decision

not appealed from, or reverse it without notice to the several boards deciding against the petition. Here, the pleas show that one appeal to the county superintendent of Henderson county was undisposed of, and no appeal was ever taken from the decision of one of the other boards.

The statute prohibits any change of districts unless petitioned for by two-thirds of the legal voters living within the territory to be made into a new district, which must contain not less than ten families. The pleas allege that the petition for the new district set out that it was signed by more than two-thirds of the legal voters living within the territory and that said territory contained more than ten families, but it was neither alleged as a fact nor averred that it was found by the boards of trustees or the superintendents and county judge that said territory contained ten families. These facts are jurisdictional, and must be set forth in the petition filed with the trustees and must exist. (*Carrico* v. *People*, 123 Ill. 198.) The pleas were insufficient to show jurisdiction in the board of trustees, or in the county superintendents on appeal, to form the new district. For aught that appears the adverse decisions of the boards of trustees may have been against the new district because there were not ten families living in it, and the superintendents and judge did not find the fact different. The pleas of justification are insufficient.

The remaining pleas, which attempt to set up grounds of estoppel or from which the court should not proceed to judgment, show that the decision of the county superintendents and judge was rendered May 12, 1899; that afterwards, on May 27, an election was held and appellants were elected school directors; that an election was held June 10 to select a school house site; that they made contracts for material and work and made expenditures; that on July 8 an election was held to authorize issuing bonds to the amount of $600, which were afterward sold,

and the money has been used in building a school house, and that on or about September 11, 1899, they engaged a teacher and commenced the school. Leave to file the information was granted July 17 and it was filed July 18. The hiring of the teacher was after that time, and the pleas do not show that the bonds were sold and the money expended before that date. The facts so alleged are not sufficient to operate as an estoppel or justify the court in refusing the remedy.

The judgment is affirmed.          *Judgment affirmed.*