THE PEOPLE ex rel. J. W. Russell et al. Plaintiff in Error, vs. THE COMMISSIONERS OF HIGHWAYS OF TOWN OF JOHNSON et al. Defendants in Error.

*Opinion filed June 16, 1909.*

1. CERTIORARI—*when parties cannot maintain a suit in individual capacity but may act as relators.* Persons having only such interest in a proceeding to vacate a highway as is possessed by all other members of the public residing in the vicinity of the road, and who were not parties to the proceeding nor owners of land crossed by or abutting upon the road, cannot, in their personal or individual capacities, maintain *certiorari* to review the record of the proceeding; but they may act as relators in a *certiorari* suit by the People at the instance of the Attorney General or State's attorney. (*People* v. *County of Vermilion,* 210 Ill. 209, explained.)

2. SAME—*People should prosecute suit not involving a private right.* Where a writ of *certiorari* is asked in a case not involving a private right and where the injury is one affecting the public it must be sought and prosecuted by the State's attorney or Attorney General, either upon his own relation or upon the relation of some person who is a member of that portion of the public which is injuriously affected by the wrong complained of.

3. COURTS—*moving party in a proceeding cannot exercise judicial functions therein.* Wherever judicial functions are to be exercised by an officer, he is disqualified to act if he is a moving party in the proceeding in which the decision is to be made.

4. HIGHWAYS—*commissioners signing petition to vacate a road are disqualified to act on the petition.* Highway commissioners who sign a petition to vacate a road are not competent to act as commissioners in passing upon the petition, and where such course has been pursued the record of the proceeding should be quashed on writ of *certiorari* prosecuted by the People.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. S. L. DWIGHT, Judge, presiding.

On November 5, 1908, the People, on the relation of J. W. Russell and three others, residents and tax-payers of the town of Johnson, in Christian county, pursuant to leave obtained, filed its petition in the circuit court of that county against George W. Parrish, S. E. Oats and Enoch Flem-

ing, highway commissioners, and George Oats, town clerk of the said town, for a writ of *certiorari* commanding said highway commissioners and said town clerk to bring into court the record of the proceedings in and concerning the vacation of a certain public highway in the town of Johnson. The prayer of the petition was that upon an inspection of the record of such proceedings the order and entries made by said commissioners concerning the vacation of the said road might be set aside. Respondents made proper return to the writ issued. On November 30, 1908, the People moved to quash the record, and on the same day respondents filed their cross-motion to quash the writ. Upon a hearing the People's motion was denied, the motion of respondents allowed and judgment was entered accordingly. To review that judgment the petitioner has brought the case to this court by a writ of error.

It appears from the petition for a writ of *certiorari* and from the return of respondents that on August 29, 1908, the highway commissioners of the town of Johnson entered an order vacating a certain public highway in that town; that George W. Parrish, one of the commissioners, was the owner of a part of the land over which the highway ran; that said Parrish, and S. E. Oats, another of the commissioners, signed the petition for the vacation of said road as individuals addressed to themselves as commissioners; that each of them, as commissioner, took part in the proceeding wherein the said highway was vacated and signed the order of vacation.

It is contended by plaintiff in error that the highway commissioners, Parrish and Oats, were not qualified to join in making the order vacating the highway, for the reason that they were persons interested in the proceeding.

Defendants in error insist that the relators did not have such an interest in the proceedings of the commissioners as entitled them to sue out a writ of *certiorari* or to appear as relators.

ARTHUR YOCKEY, State's Attorney, and J. A. MERRY, for plaintiff in error:

The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions where it appears that they have exceeded the limits of their jurisdictions. *Drainage Comrs.* v. *Griffin,* 134 Ill. 330.

The writ of *certiorari* lies only to inferior tribunals and officers exercising judicial functions, and the act to be reviewed must be judicial in its nature, and not ministerial or legislative. *Drainage Comrs.* v. *Griffin,* 134 Ill. 330.

Where political rights are involved and the injury is one affecting the public, the public alone should complain, and the writ should be sued out in the name of the State. 4 Ency. of Pl. & Pr. 162.

Where the State or the whole community have some rights or interests in the subject matter the writ should be sued out in the name of the State. *Canal Co.* v. *State,* 14 N. J. L. 411.

The name of the State may be used where a review is sought of proceedings to establish a public highway. 4 Ency. of Pl. & Pr. 163; *Readington Township* v. *Dilley,* 24 N. J. L. 209.

At common law, unless the writ was asked in a case involving a private matter, it was required to be sought by the attorney for the crown or the public prosecutor. In matters in which the rights of the public were concerned the writ was alone prosecuted by the representative of the public. *Supervisors* v. *Magoon,* 109 Ill. 147.

Highway commissioners act judicially when they act upon a petition to vacate or lay out a new road. *Drainage Comrs.* v. *Griffin,* 134 Ill. 330.

It is a fundamental maxim that it is not within the province of judicial authority for one who is interested in a decision to act in the same matter. Wherever judicial functions are to be exercised, a judicial officer who is in-

240—26

terested, however remotely, is prohibited from taking part in their exercise. *Gray* v. *Jones,* 178 Ill. 173.·

If a party is complainant or the moving party in a prosecution or a proceeding he cannot act in deciding it. *Gray* v. *Jones,* 178 Ill. 173; Cooley on Torts, 421.

If one of the judges constituting a court is disqualified on the ground of interest the judgment will be void, even though the proper number may have concurred in the result, not reckoning the interested party. Cooley's Const. Lim. (3d ed.) 483.

The effect of a disqualifying interest is not confined to the party interested, for if he take part the action of the whole court is wrong, even though a majority be left without his vote. 12 Am. & Eng. Ency. of Law, (1st ed.) 45.

PROVINE & PROVINE, for defendants in error:

It is not sufficient that the relators are residents and tax-payers in the town of Johnson. They were not parties to the proceeding to vacate the road and their names do not appear in the record. To entitle a person to prosecute the writ of *certiorari* he must appear on the record to be a ·party in interest. The owners of the land over which the road passes, and those only, have a right to prosecute the writ to set aside the order of the commissioners vacating the road. *Highway Comrs.* v. *Quinn,* 136 Ill. 604; *Highway Comrs.* v. *Barnes,* 195 id. 43; *Brown* v. *Robinson,* 123 id. 632; *Scheiwe* v. *Holz,* 168 id. 432; 4 Ency. of Pl. & Pr. 167; *People* v. *County of Vermilion,* 210 Ill. 209.

A statement that the relator is a tax-payer, etc., does not show, such immediate or direct interest as entitles him to review the proceeding. *People* v. *County of Vermilion,* 210 Ill. 209; *Sampson* v. *Highway Comrs.* 115 Ill. App. 443; *Highway Comrs.* v. *Barnes,* 195 Ill. 43.

It does not follow because no right of appeal is given to the relators that they have the right to prosecute a writ of error. The right of appeal is given to persons having a

direct interest in the proceedings. Such right exists in the persons owning land over which the road runs, only.

No person has the right of appeal from the decision of the commissioners of highways in laying out a new road or vacating an old one unless he is the owner of land adjoining the road to be laid out or vacated. Whilst it is true that in one sense every citizen has an interest in the public highways, yet none but the owners of land adjoining the road have such an interest therein as is contemplated by the statute providing for an appeal from the decision of the commissioners. *Taylor* v. *Highway Comrs.* 88 Ill. 526; 4 Ency. of Pl. & Pr. 172, 173; 6 Cyc. 766; *Highway Comrs.* v. *Quinn,* 136 Ill. 604.

The applicant must show that he occupies such a relation to the controversy as entitles him to sue out the writ. 6 Cyc. 783.

Where the right of appeal is given, (to persons having such interest as entitles them to have the proceedings reviewed,) the remedy is by appeal and not by *certiorari.* *Wright* v. *Comrs.* 150 Ill. 138; *Schlink* v. *Maxton,* 153 id. 447.

The question of jurisdiction can be raised on appeal to the supervisors. It has been expressly so held by this court. *Audubon* v. *Hand,* 231 Ill. 334.

If the relators were owners of land over which the road passes they would have had the right to appeal and to have raised the question of jurisdiction, but not being such land owners they had no right to appeal and have no right to prosecute *certiorari.* Having failed to raise the question of want of jurisdiction at the proper time they cannot do so now.

The Road and Bridge act prescribes the duties of commissioners in laying out and vacating roads. The act vests them with jurisdiction in these matters. Upon receiving the proper petition they are required to give notice of a meeting to hear reasons for and against granting the prayer

of the petition. The notice was given and the meeting held in this case, as the record shows, but it is not claimed in the petition for the writ, nor does it appear in the record of the commissioners, that the relators, or any of them, appeared before the commissioners and objected to the proceedings for want of jurisdiction, or for any reason whatever. Failure so to appear and object waives the objection. *Drainage District* v. *Smith,* 233 Ill. 417; *Drainage District* v. *Reddish,* 234 id. 130.

Upon the question when objections should be made and the record show the objections, see *Sullivan* v. *Lower,* 234 Ill. 21, and *Joyce* v. *Chicago,* 216 id. 466.

It would seem that the principle announced in cases where parties submit to trial before a judge having an interest in the proceedings or prejudiced in the case would prevail,—*i. e.,* they are deemed to have waived the objection. In the case at bar the petition for vacation of the road was circulated and signed in the neighborhood by the requisite number of land owners. Public notices were posted, as the law requires, of the time when and the place where the commissioners would meet to hear reasons *pro* and *con.* This gave the commissioners jurisdiction under the statute, and if either was disqualified, by reason of interest or otherwise, the objection should have been made at the hearing.

The commissioners received a petition, signed by the requisite number of land owners, for the vacation of the road. It was then their duty to give public notice of and hold a meeting to hear reasons for and against granting the prayer of the petition. The owners of the lands over which the road passes, released in writing their claims for damages, and the commissioners, all acting, declared the road vacated upon the ground that it was not necessary and should be vacated. In all this the commissioners proceeded as the law requires. The decision of a majority is sufficient. *Hunt* v. *Chicago,* 60 Ill. 183.

Interest, as a land owner or tax-payer, in a municipal corporation or *quasi* municipal corporation, will not disqualify a person from holding an office or performing any duty incident to such office, although his own personal or pecuniary interest may to some extent be affected by his action. Nor will the fact that he is known to be for or against certain acts or measures disqualify him. *People* v. *Cooper,* 139 Ill. 462; *Scott* v. *People,* 120 id. 129; Cooley's Const. Lim. (3d ed.) 412.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendants in error contend that the relators can not prosecute this *certiorari* proceeding. The relators were not in any sense parties to the proceeding before the commissioners to vacate the highway. They do not own any land over which the vacated highway passed and they do not own any land which abuts upon that highway. They do not have any direct or immediate interest in the question of the vacation of this highway. They have only such interest as is possessed by all other members of the public residing in the vicinity of the road in question and desiring to travel over that particular piece of the highway. Under these circumstances they could not, in their personal or individual capacities, be permitted to maintain this suit. The case of *People* v. *County of Vermilion,* 210 Ill. 209, is decisive so far as that question is concerned, but this suit was not so instituted. It was brought in the name of the People of the State of Illinois, upon the relation of four persons who were residents and tax-payers of the town of Johnson, residing in the vicinity of the highway in question, to whom the road was an important and convenient one for their own travel. The application for the writ was made and the cause was carried forward by the State's attorney of Christian county, acting for and on behalf of the People of the State. While in the case above referred to, the title

indicates that the action was in the name of the People, at
the relation of a private individual, it does not appear that
the matter was instituted and controlled by the State's at-
torney, and the cause evidently was as it would have been
had the suit been instituted by the relator in his own name,
without using that of the People of the State. It was plainly
so regarded by this court, as no reference is made in the
case to the assertion of any right by the public. Where
the writ is asked in a case which does not involve a private
right and where the injury is one affecting the public, it
must be sought and prosecuted by the State's attorney or
the Attorney General. (*Board of Supervisors* v. *Magoon,*
109 Ill. 142.) The public officer so seeking and prosecut-
ing the writ may himself be relator, or some member of
that portion of the public which has a public interest there-
in may act as relator. If the relator is a private person, it
is necessary only that he be one of those members of the
public who are injuriously affected by the wrong complained
of. He must not be one who intermeddles in a matter in
which he has no interest of any kind whatever. 4 Ency.
of Pl. & Pr. 165.

Proceedings in reference to the laying out of public
highways are of that class in which the record may be law-
fully reviewed in *certiorari* at the suit of the public. *Read-
ington Township* v. *Dilley,* 24 N. J. L. 209; 4 Ency. of
Pl. & Pr. 163.

The present proceeding is one which was rightfully in-
stituted and carried on by the prosecutor in the name of
the People. The individuals acting as relators were proper
persons to act in that capacity.

It is not the law, however, that a person who cannot, in
his individual capacity, institute and prosecute a proceeding
of this character by reason of the fact that he has no pri-
vate interest in the matter, can institute and prosecute such
a proceeding by beginning it in the name of the People,
with himself as relator. It may be prosecuted in the name

of the People only at the instance of the Attorney General or the State's attorney and only where the public has an interest in the matter, and the relator, if a private person, must be, as above indicated, one of that portion of the public directly affected.

It appears from the return that two of the commissioners signed the petition for the vacation of the public highway, which was addressed to all of the commissioners, and that these two commissioners who so signed the petition, with the third commissioner, considered the petition and the three signed the order vacating the highway. In determining whether or not the highway should be vacated the function exercised by the commissioners was judicial in its character. (*Drainage Comrs.* v. *Griffin,* 134 Ill. 330.) They were required to use their discretion in determining whether it was right that the highway should be vacated. The two commissioners who signed the petition were moving parties or actors in the proceeding, and in their capacity as commissioners they were called upon to determine whether or not they would do the thing which in their individual capacities they had asked themselves, as commissioners, to do.

In *Gray* v. *Jones,* 178 Ill. 169, Ellis, who was a justice of the peace, and certain others, had petitioned for the laying out of a new road. The prayer of the petition was granted. One of the petitioners, Jones, made a collusive arrangement with the commissioners and Ellis to appeal to three supervisors for the purpose of having the order laying out the road confirmed. The petition for appeal was filed with Ellis in his capacity as justice of the peace. He assumed jurisdiction and selected the three supervisors to hear the appeal. It was determined that as Ellis was one of those who instituted the proceeding by signing the petition for laying out the road, he was disqualified to entertain the petition for appeal and select the supervisors. This court there held that wherever judicial functions are to be

exercised by an officer, he is disqualified to act if he is a complainant or moving party in the proceeding in which the decision is to be rendered. It follows that the two commissioners who signed the petition were not competent to act as commissioners in passing on the petition, and for that reason the record of the proceedings should have been quashed.

It is unnecessary to consider the question which results from the fact that one of the commissioners was the owner of a part of the land over which the highway ran.

The judgment of the circuit court will be reversed and the cause will be remanded to that court, with directions to quash the record of the proceedings of the highway commissioners.

*Reversed and remanded, with directions.*