THE PEOPLE ex rel. Dan McNeal, Appellant, vs. GEORGE
W. DICK et al. Appellees.

*Opinion filed April 23, 1914.*

1. SCHOOLS—*when notice of appeal to county superintendent is
filed in time.* The provision of section 55 of the School law re-
quiring notice of an appeal to the county superintendent "within
ten days after final action by the trustees" upon a petition for con-
solidation, means the final action of all the boards of trustees re-
quired to act, and if the notice is filed within ten days after the
last board has acted it is filed in time, even though more than ten
days have passed since the final action of the first board refusing
to grant the petition.

2. SAME—*right of appeal is given to every petitioner from de-
cision of either board of trustees.* Under section 55 of the School
law the right of appeal from a decision of either board of trustees
upon the petition to consolidate school districts in separate town-
ships is not limited to petitioners residing in the district or town-
ship whose trustees have refused the prayer of the petition, but
the right of appeal is given to every petitioner from the decision
of either board of trustees.

APPEAL from the Circuit Court of Rock Island county;
the Hon. R. W. OLMSTED, Judge, presiding.

FLOYD E. THOMPSON, State's Attorney, and SEARLE &
MARSHALL, for appellant.

F. H. RAILSBACK, and GEORGE W. WOODS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On leave granted, the State's attorney of Rock Island
county filed an information in the nature of *quo warranto*
against the appellees, calling upon them to show by what
warrant they held and executed the offices of president
and members of the board of education of school district
No. 37, in Rock Island county. On the return of the sum-
mons the respondents moved to set aside the order granting

leave and to dismiss the cause. The motion was sustained, the cause was dismissed, and the People appealed.

School district No. 37 was formed by the consolidation of school districts No. 30 and No. 37 by an order of the superintendent of schools of Rock Island county, and the only question presented for our consideration is whether the county superintendent had jurisdiction to make that order.

School district No. 30 was in Hampton township and school district No. 37 in South Moline township, both in Rock Island county. In February, 1913, a petition, signed by a majority of the voters residing in district No. 30, was filed with the clerk of the trustees of Hampton township praying for the consolidation of district No. 30 with district No. 37, and a duplicate of the petition was filed with the clerk of the trustees of South Moline township. In the same month a like petition, signed by a majority of the voters residing in district No. 37, was filed with the clerk of the trustees of South Moline township and a duplicate with the clerk of the trustees of Hampton township. The trustees of Hampton township, at their regular meeting on April 7, refused the prayer of the petition. The trustees of South Moline township met on the same day, adjourned to April 14 and then granted the prayer of the petition. A. B. Dieterich, one of the petitioners residing in district No. 37, on April 19 filed in the office of the clerk of the trustees of Hampton township a written notice of appeal from their decision on the petition to the county superintendent of schools. If the county superintendent had jurisdiction of the appeal the districts were legally consolidated and the judgment must be affirmed.

Section 46 of the School law authorizes the trustees of schools to consolidate two or more districts situated wholly within the township into one district when petitioned by a majority of the legal voters of each district. Section 47 provides that changes in the boundaries of districts which lie in separate townships may be made by the concurrent

action of the boards of trustees, each board being petitioned as provided in section 46,—that is, by a majority of the legal voters in each district. Section 55 gives the right of appeal to the county superintendent of schools to the petitioners or the legal voters who appear to oppose the change of boundaries, and requires the appellant to file with the clerk of the trustees a written notice of appeal within ten days after final action by the trustees. The notice of appeal was filed more than ten days after the action of the trustees of Hampton township but less than ten days after the action of the trustees of South Moline township. The action of the trustees upon the petition must be concurrent. The action of each board is required. Final action of the trustees means the finished action of all the boards required to act. While the action of one board refusing the prayer of the petition makes it certain that the prayer cannot be granted, the final action of the trustees on the petition has not been taken until the last board of trustees has acted. The notice of appeal was therefore within the time fixed by the statute.

The further objection is made that Dieterich could not appeal because he was not a resident of district No. 30, in Hampton township, whose trustees refused the prayer of the petition. The right of appeal is not limited to petitioners residing in the district or in the township whose trustees have refused the prayer of the petition. The petition is required to be signed by a majority of the legal voters in each district, and the right of appeal is given to every petitioner from the decision of either board of trustees.

The appeal was properly taken and the county superintendent had jurisdiction to review the action of the trustees.

*Judgment affirmed.*