(No. 12355.—Reversed and remanded.)

H. A. EBELING *et al.* Appellants, *vs.* THE TRUSTEES OF SCHOOLS *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. SCHOOLS—*who are entitled to maintain petition for writ of certiorari.* Under section 55 of the School law the only persons entitled to appeal to the county superintendent from a decision of the trustees of schools of a township consolidating districts are those petitioning for the consolidation and legal voters who appear and oppose the consolidation, but residents of the districts affected who are not among those having the right of appeal may petition for a common law writ of *certiorari* to review the record of such proceedings.

2. SAME—*not essential that transcript of record accompany a petition.* To entitle petitioners to a common law writ of *certiorari* it is not material whether the defects in the record sought to be quashed are made to appear by the allegations in the petition or by a transcript of the record attached to or accompanying the petition, but it is sufficient if the defects are made to appear in either way.

3. SAME—*what does not show lack of sufficient signers to petition.* An allegation that neither of the two petitions circulated in two school districts for the consolidation of the districts was signed by a majority of the legal voters residing in the two districts does not show a lack of sufficient signers, as the statute does not require that each petition shall be so signed, provided such majority appears from considering both petitions as one.

285 – 41

4. SAME—*when service of notice of filing petition is insufficient.* Where the clerk of the board of directors of a school district is a signer of the petition to consolidate two districts, service upon him of the notice of the filing of the petition required by section 52 of the School law does not confer jurisdiction upon the trustees of schools of the township to make an order of consolidation. (*People* v. *Feicke,* 252 Ill. 414, and *People* v. *Jones,* 254 id. 521, followed.)

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

ALBERT E. ISLEY, for appellants.

FITHIAN & KASSERMAN, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On March 29, 1918, H. A. Ebeling, G. H. Mascher and George Lewis, appellants, filed their petition in the circuit court of Jasper county for a writ of *certiorari* to require the trustees of schools of township No. 7, range No. 8, Jasper county, Illinois, and H. K. Powell, county clerk of Jasper county, appellees, to transmit to said court for review a transcript of the proceedings for the consolidation of two school districts in said township. The petition, after alleging the prior formation of school districts 10 and 11 in said township, alleged that in January, 1917, a separate petition addressed to the trustees of schools of said township was circulated in each of said school districts for the consolidation of the two districts into one district; that "neither of said petitions were signed by a majority of the legal voters residing in the two districts 10 and 11;" that no notice of the filing of said petitions, or either of them, was given as required by law; that no record was made by the trustees of schools of the giving of any notice to either of said districts of the filing of the petitions; that the record contains no proof of notice of any kind; that the record fails to show that the trustees of schools held a

meeting at the time and place required by law for holding the regular annual meeting in April, 1917; that the record kept of an alleged meeting of the trustees of April 14, 1917, fails to show that a quorum of the trustees were present at such meeting; that there is no record of the presentation or passing of any resolution by said trustees concerning the petitions, and that it appears from the record that no one appeared to oppose the petitions. The petition for the writ further alleged that the petitioners were residents, voters and tax-payers of district No. 10; that they did not sign the petition circulated in that district; that they had no knowledge of the filing of said petition and had no notice of any hearing on the petition; that appellants are informed that a copy of the petition circulated in district No. 10 and a notice of the filing of said petition were served on D. E. Wilker, clerk of the board of directors of district No. 10; that the copy of the petition so served did not contain a majority of the legal voters of districts 10 and 11; that Wilker was one of the signers of the petition circulated in district No. 10 and by reason thereof was interested in the consolidation of the districts, and could not, as clerk of the board of directors of that district, legally accept notice of the filing of the petition and of the hearing thereon; that the entire proceedings in attempting to consolidate the two school districts were irregular, illegal and result in great damage and injury to appellants and to a large number of the residents of said districts, and that the law provides no appeal for appellants by which the records and proceedings of the trustees of schools may be brought into court for inspection except by the writ of *certiorari*. On April 9, 1918, the court entered an order directing the issuance of a writ of *certiorari* in accordance with the prayer of the petition, returnable April 15, 1918. On April 19, 1918, the appellees, without making any return to the writ, moved the court to dismiss the writ on various grounds stated in the motion, one of

them being that the petition was not accompanied by a copy of the record sought to be brought before the court, and another being that by statute appellants had the right of appeal from the action taken by the trustees of schools to the county superintendent of schools, and therefore could not resort to the writ of *certiorari* to review the proceedings of the trustees of schools. Appellants, upon their motion, were granted leave to file a copy of the record of the board of trustees concerning the consolidation of the two districts, but instead of filing a complete transcript of the proceedings filed what purports to be a copy of the petition filed by legal voters of district No. 10, a copy of the notice of the filing of a petition with the trustees of schools addressed to the directors of district No. 10 and signed by F. M. Buckmaster, whose name does not appear as one of the signers of said petition, and a copy of the record of an adjourned meeting of the board held April 14, 1917. The record of this meeting, as shown by the copy so filed, recites: "It appearing that both districts having been given legal notice of the meeting and a majority of voters of both districts having signed petitions, and no one appearing to oppose the petition, the board of trustees herewith grant petition to consolidate districts 10 and 11." The court sustained appellees' motion to dismiss the writ and rendered judgment accordingly. From that judgment this appeal has been prosecuted.

Appellants charge, and appellees do not deny, that the circuit court dismissed the writ of *certiorari* on the ground that appellants had the right of appeal to the county superintendent of schools and were therefore not entitled to the writ of *certiorari,* and appellees defend the action of the circuit court on that ground. Section 55 of chapter 122 of Hurd's Statutes of 1917 provides with reference to appeals in cases such as the one at bar: "The petitioners, or the legal voters who appear to oppose the change of boundaries, shall have the right of appeal to the county superin-

tendent of schools." The petition for the writ of *certiorari* shows that the appellants were neither petitioners nor legal voters who appeared to oppose the change of boundaries. They therefore did not have the right of appeal to the county superintendent of schools and were entitled to the writ of *certiorari* if the petition showed ground therefor.

So far as the contention made by the appellees is concerned that a transcript of the record must be attached to the petition in order to entitle the petitioner to the writ, it is sufficient if the petition states a case entitling the petitioner to the writ. If the petitioner were required to file with his petition a complete transcript of the record of the inferior court or tribunal, it might, under certain circumstances, be impossible for the petitioner to obtain relief by a writ of *certiorari*. The petitioner need only by his petition state a case entitling him to the writ. Whether the defects in the record appear from allegations in the petition or from a transcript of the record attached to or accompanying the petition is immaterial. In either case, if it appears that the petitioner is entitled to the writ of *certiorari* it should be awarded.

Appellants contend that no petition containing a majority of the legal voters of districts Nos. 10 and 11 was filed with the clerk of the board of trustees, and that the board of trustees therefore had no jurisdiction to consolidate the two districts. The petition alleged that a petition was circulated in each of the districts for the consolidation of those districts and that "neither of said petitions were signed by a majority of the legal voters residing in the two districts." Appellants also filed in court a copy of the petition alleged to have been circulated in district No. 10 but did not file a copy of the petition which was circulated in district No. 11. While it may be true that neither of the petitions was signed by a majority of the legal voters residing in the two districts, it does not follow that both of the petitions, taken together, did not contain the signatures of a majority

of the legal voters residing in the two districts. The statute does not require the names of all the petitioners to be signed to one petition.

Appellants further contend that the board of trustees was without jurisdiction to order the consolidation of the two districts because the notice required by section 52 of the Schools act to be served upon the president or clerk of the board of directors of each district whose boundaries will be changed if the petition is granted was in this case served upon the clerk of district No. 10, and that such clerk was one of the signers of the petition for the consolidation of the districts. Service of the notice required by section 52 is essential, and unless such service is had the board of trustees is without jurisdiction to act upon the petition. In *People* v. *Feicke,* 252 Ill. 414, and in *People* v. *Jones,* 254 id. 521, we held that service of notice upon the clerk of the board of directors, where such clerk was one of the signers of the petition, was not sufficient to confer jurisdiction upon the trustees to act upon the petition to change the boundaries of existing school districts. It must be presumed that an affidavit or some other record evidence of the method of service of notice upon the directors of the districts to be affected by the consolidation was returned to and preserved by the board and that such record evidence would be returned to the court in obedience to the writ of *certiorari* if awarded, and if the record so returned should disclose, as alleged in the petition for the writ, that the notice of the filing of the petition with the board of trustees was served upon the clerk of the board of trustees of district No. 10 and that such clerk was one of the signers of the petition for the consolidation of the two districts, the proceedings of the board of trustees will be quashed. The circuit court therefore erred in dismissing the writ of *certiorari.*

The judgment of the circuit court is reversed and the cause is remanded.        *Reversed and remanded.*