(No. 21615.—

CARL HEPPE *et al.* Appellants, *vs.* HARRY MOOBERRY *et al.*
Appellees.

*Opinion filed December 23, 1932.*

CLAIR WESTERVELT, for appellants.

L. P. DUNKELBERG, State's Attorney, and BEN L. SMITH, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal by Carl Heppe, Perry Arnold and E. L. Thornton from a judgment of the circuit court of Tazewell county quashing a writ of *certiorari* brought to test the validity of the detaching of territory from school district 85 and attaching the same to school district No. 86, in that county. The respondents, appellees here, were the boards of school trustees of town 26 north, range 4, west, (hereinafter called Fon du Lac township,) and trustees of town 24, range 4, west, (hereinafter called Groveland township,) the clerk of each board, the county superintendent of schools of Tazewell county and the clerk of Tazewell county.

Section 46 of chapter 122, known as the School act, provides that the township school trustees may, at any semi-annual meeting in April or October, "change the boundaries of school districts situated wholly within the township, so as: * * * Third—To detach territory from one district and add the same to an adjacent district, * * * or, when petitioned by two-third of the legal voters residing within the territory described in the petition, asking that such territory be detached from one district and added to an adjacent district." Section 47 is as follows: "Changes in the boundaries of districts which lie in separate townships, and of districts formed of parts of two or more townships, may be made at any semi-annual meeting of trustees in April or October, or at any special meeting held for such purpose, by the concurrent action of the several

boards of trustees in which the district or districts lie, each board being petitioned as provided in the preceding section of this act."

The returns to the writ of *certiorari* show that the petitioners for the school boundary change filed duplicate original petitions with the two boards of school trustees. There were seventy-two names signed to each of the petitions to detach and annex, there being ninety-five legal voters residing in the territory. Both petitions were filed on March 13, 1931, more than twenty days before the semi-annual meeting of the trustees on April 6, 1931. The record shows, and it is not disputed, that due notice of the filing of the petition for change of territory was given to the school board of each district. On the first Tuesday of April, 1931, being April 6, the board of trustees in each township met in a semi-annual meeting, as provided by law. All of the trustees were present. No one sought to withdraw his name from the petition prior to or at the hearing before the Groveland trustees. After considering the petition the Groveland trustees by unanimous vote granted the prayer of the petition to change the strip of territory from district No. 85 to East Peoria City School District No. 86. The clerk of the trustees made a record of the proceedings of the meeting, setting forth the facts above mentioned. No appeal was taken from the decision of the Groveland trustees to the county superintendent of schools, as provided in the School law under section 55, which is as follows: "The petitioners, or the legal voters who appear to oppose the change of boundaries, shall have the right of appeal to the county superintendent of schools. The appellant shall file with the clerk of the trustees a written notice of appeal within ten days after final action by the trustees." Section 58 is as follows: "When a change in boundaries is made by the trustees of schools, and no appeal is taken, the clerk shall make and file with the county clerk for record, within twenty days of the action of the trus-

tees, a copy of the record of such action, certified by the president and the clerk, together with a map of the township showing the districts, and a list of the tax-payers of the newly organized districts." The Groveland trustees transmitted to the county clerk a certified copy of the record of their action. The Fon du Lac township trustees met in their township on April 6, 1931, for a semi-annual meeting, and without passing upon the petition to change school district boundaries the meeting was adjourned to May 4, 1931.

On March 27, 1931, there was filed with the school treasurer of Fon du Lac township and clerk of the board of trustees of that township a statement addressed to the county superintendent of schools of Tazewell county signed by seventeen legal voters residing in school district 85, stating that they had annexed their signatures to the petition above mentioned under a misapprehension and misunderstanding of the facts in the case, and "therefore respectfully requested that the trustees of schools disregard our signatures to said petition and consider the situation to be as though we had not signed the same." On May 4, 1931, there was filed with the clerk of the board of trustees of Fon du Lac township a petition signed by ten legal voters in the territory sought to be detached, addressed to the board of school trustees of Fon du Lac township, stating that they "do hereby withdraw our names from said petition and hereby object to the separation and annexation of said territories as set forth in said former petition."

The minutes of the meeting of school trustees of Fon du Lac township held May 4, 1931, show that the petition for detaching the territory was taken up for consideration, and also show "the board then considered a petition signed by John Heppe and several other persons, addressed to the superintendent of schools of Tazewell county, Illinois, and filed with the clerk of this board on the 27th day of March, 1931, asking the certain names be withdrawn from the

petition to detach territory from district No. 85 and to attach the same to district No. 86. The board also considered a petition of Martin Dempsey and others, addressed to this board of trustees and filed with this board on May 4, 1931, asking that certain names be withdrawn from the said petition. * * * After a consideration of the matter, a motion was made by Mr. Knoche, seconded by Tucker, that the withdrawal petition be denied. The motion was declared carried by the president." A motion was then made that the prayer of the original petition be granted and that the territory described therein be detached from district 85 and attached to district 86, and upon roll call the motion was declared carried. Within the proper time fifteen legal voters of the territory appealed from the decision of the board of trustees of Fon du Lac township to the county superintendent of schools of that county. The county superintendent entered an order finding that he was without jurisdiction in the matter for the reason that no appeal was taken from the decision of the board of trustees of Groveland township and ordered that the appeal from the trustees of schools of Fon du Lac township be dismissed for that reason.

After the return of the writ of *certiorari* was made to the circuit court appellants moved that the county superintendent of schools be required to make additional return to the writ and that the board of trustees of Fon du Lac township be required to amend its minutes of May 4, 1931, so as to make them speak the truth. The county superintendent of schools voluntarily filed an additional return, stating that he had inadvertently omitted from his return an affidavit of thirteen signers of the withdrawal petition that they had appeared in person before the Fon du Lac trustees on the night of May 4, 1931, at the meeting of the trustees of schools of Fon du Lac township, and that they had previously signed a withdrawal petition withdrawing their names from the original petition, and each of

such affiants stated to the board that he or she was a person whose name was subscribed to the withdrawal petition and asked that his or her name be taken from the petition, and that the board refused to allow any of such affiants to withdraw their names from the petition. The board of school trustees of Fon du Lac township and the clerk of the board filed a motion to dismiss the motion for a more specific return to the writ of *certiorari*. Testimony was heard before the court, and the court ordered that the return of the school trustees of Fon du Lac township be amended to speak the truth and show that thirteen of the seventeen affiants were present in person at the meeting of the board of trustees May 4 and orally asked to withdraw from the original petition, and that this action was taken by the thirteen signers before any action upon the original petition was taken by the board of trustees of Fon du Lac township.

Appellees have assigned as cross-error that the court erred in overruling their motion to strike petitioners' motion for a further return to the writ of *certiorari* from the files. The common law writ of *certiorari* brings up for review only the record of the tribunal to which it is addressed, and not the evidence. The cause must be tried on the record, only. Evidence *dehors* the record, and contradictory of it, is not permitted in the absence of statutory authority. (*Crocher* v. *Abel,* 348 Ill. 269.) The office which the common law writ of *certiorari* performs is to bring before the court the record of the proceedings of an inferior tribunal for an inspection by a superior tribunal, and the superior tribunal, upon an inspection of the record alone, when the writ is sufficient and has been properly issued, determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter and whether it has exceeded its jurisdiction or has otherwise proceeded in violation of law. The superior tribunal has no authority to hear evidence *aliunde* the record for the purpose of con-

tradicting it. (*Brown* v. *VanKeuren*, 340 Ill. 118.) The circuit court therefore erred in ordering the board of trustees of Fon du Lac township to change its minutes to make them speak the truth.

In *certiorari* the court has no power to pass upon the findings and conclusions of the inferior tribunal but it may examine the proceedings to determine whether the inferior tribunal had jurisdiction. (*Carroll* v. *Houston*, 341 Ill. 531.) The real question here in issue therefore is whether or not on May 4, 1931, the board of trustees of the Fon du Lac district had jurisdiction to authorize the detachment of the premises from one district and attach them to the other. While changes in the boundaries of districts which lie in separate townships can only be made by the concurrent action of the several boards of trustees in which the district or districts lie, yet by the words "concurrent action" is not meant joint action but the independent action of each board separately, each agreeing to such change, and each board must have jurisdiction to act in the premises. To give such board jurisdiction two-thirds of the legal voters residing in the territory described in the petition must ask for such change. If one of such boards has jurisdiction by reason of a sufficient petition and the other has not such jurisdiction by reason of not having a sufficient petition, then the action of both boards is nugatory and there can be no legal concurrent action. The statute does not require that the respective petitions shall be signed by the same individual voters. It only requires that each district shall be petitioned by two-thirds of the legal voters residing within the territory described in the petition.

The right of a petitioner to withdraw his name from a petition at any time prior to the time the tribunal created by law to pass upon and determine the proposition submitted by the petition has finally acted is well settled in this State. (*Kinsloe* v. *Pogue*, 213 Ill. 302; *Theurer* v. *People*, 211 id. 296; *Littell* v. *Board of Supervisors of*

*Vermilion County,* 198 id. 205.) In the *Kinsloe case* it was said: "The right of a petitioner to withdraw his name from a petition before the tribunal authorized to act upon the petition has taken final action has recently been considered by this court in two cases, (*Littell* v. *Board of Supervisors of Vermilion County,* 198 Ill. 205, and *Theurer* v. *People,* 211 id. 296,) wherein the authorities were reviewed, and the conclusion was reached that a petitioner has the right to withdraw his name from the petition at any time before the tribunal created by law to determine the matter submitted by the petition has finally acted." In *People* v. *Dick,* 263 Ill. 66, it is said: "The action of the trustees upon the petition must be concurrent. The action of each board is required. Final action of the trustees means the finished action of all the boards required to act."

Appellees contend that the action of the county superintendent in dismissing the appeal for want of jurisdiction because no appeal was taken from the action of the trustees of Groveland township was correct. The action of the two boards of trustees was independent of each other. Appellants had no ground for an appeal from the decision of the Groveland trustees, and had they done so the action of the Groveland trustees must, of necessity, have been sustained, and to have appealed therefrom would have been a futile act. There were, however, grounds for an appeal from the action of the trustees of Fon du Lac township, and if the action of that township was found to be without jurisdiction, then it was immaterial what action was taken by Groveland township. In *People* v. *Dick, supra,* where the concurrent action of the two boards of trustees was required, the appellant appealed from the action of only one board of trustees to the county superintendent, and this court held that the county superintendent had jurisdiction of the appeal.

Appellees cite the case of *Mason* v. *People,* 185 Ill. 302, as decisive of this question. The question here involved

was not raised in that case, where there were four boards of trustees involved and petitions were filed with the trustees of schools of the several townships asking for the formation of a new district. Three of the boards of trustees decided against the prayer of the petition and refused to grant it and one board of trustees granted the petition. An appeal was sought to the county superintendent of schools, and appeals were taken from only two of the adverse decisions. By the appeal the affirmative action for the formation of a new district was sought, which required the concurrent action of the four boards. No appeal was taken from the board which decided in favor of the formation of the new district or from one of the boards which decided against such formation, and it was held that it was necessary to reverse the decisions of the three boards which were against the petition and that the decision of each board would stand until reversed or set aside upon appeal, and that the appellate tribunal could not reverse a decision not appealed from. In that case, even if the county superintendent of schools had taken action favorable to the appellant upon the two appeals, the result would have been three in favor of the formation of the new district and one against it, and the appeals could in no event have been of any effect, as it required the concurrent action of the four boards for the formation of the new district. In this case, if the action of Groveland township be admitted, by not taking an appeal, to be valid and the action of the board of trustees of Fon du Lac township on appeal held to be invalid, then the object sought by appellants by appeal would be obtained and the territory could not be detached.

It is contended by appellees that the petition for writ of *certiorari* must be brought by the State's attorney *ex rel.* where public rights or interests are involved. Where the writ is asked in a case which does not involve a private right and the injury is one affecting the public it must be brought and prosecuted by the State's attorney or the Attor-

ney General. (*Board of Supervisors* v. *Magoon,* 109 Ill. 142.) If, however, the relator is a private person it is necessary only that he be one of those members of the public who are injuriously affected by the wrong complained of. He must not be an intermeddler in a matter in which he has no interest of any kind whatever. (*People* v. *Commissioner of Highways,* 240 Ill. 399.) Here appellants were not intermeddlers in a matter in which they had no interest but were members of the public whose individual rights were injuriously affected by the wrong of which complaint was made.

The record shows that appellant Arnold was one of the legal voters and residents of the territory affected and that he had neither signed the petition to detach nor was he present at the meeting of the boards of trustees, as shown by their return. In *Eberling* v. *Trustees of Schools,* 285 Ill. 641, it is said: "The petition for the writ of *certiorari* shows that the appellants were neither petitioners nor legal voters who appeared to oppose the change of boundaries. They, therefore, did not have the right of appeal to the county superintendent of schools and were entitled to the writ of *certiorari,* if the petition showed ground therefor." No question of the improper joinder of parties was raised in the court below.

On March 27, 1931, a paper endorsed "withdrawal request" was filed with the school treasurer and clerk of the board of trustees of Fon du Lac township, signed by seventeen legal voters of the territory described in the original petition, requesting that the trustees of schools disregard their signatures to the original petition and to consider the same as though they had not signed the same. This was before any action was taken by either board. On May 4, 1931, there was filed with the clerk of the board of trustees of Fon du Lac township a petition endorsed "petition to withdraw names," signed by ten other legal voters of the territory sought to be detached, addressed to the board

of trustees for the township of Fon du Lac, stating that they thereby withdrew their names from the original petition, and objected to the separation and annexation "of said territory as set forth in said form of petition." At the time of the first action by either board of trustees seventeen legal voters whose names were signed to the original petition had withdrawn their names, leaving only fifty-five signatures thereto, which was less than the number required to give the Fon du Lac board of trustees jurisdiction in the premises. Before final action was taken by that board ten other signers of the original petition had withdrawn their signatures, so that at the time final action was taken by the board of trustees of Fon du Lac township the petition contained only forty-five valid signatures, and the board of trustees had no jurisdiction to act in the premises and its order for detachment and annexation was void.

The circuit court erred in quashing the writ of *certiorari,* and its judgment is therefore reversed and the cause remanded to that court, with directions to quash the orders of the county superintendent of schools and of the board of trustees of Fon du Lac township.

*Reversed and remanded, with directions.*