THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* COMMUNITY HIGH SCHOOL DISTRICT No. 223 *et al.,* Appellees.

*Opinion filed January 22, 1948.*

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAM-BERG, and DAVID B. MALONEY, of counsel,) all of Chicago, for appellant.

ROY A. WHITESIDE, and HAROLD W. NORMAN, both of Chicago, for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This appeal is prosecuted to reverse a judgment entered in a *quo warranto* action in the superior court of Cook County. The complaint was filed by the State's Attorney of that county and consisted of two counts. The first questioned the validity of the organization of Community High School District No. 223, and the second inquired by what right the defendants named therein exercised the powers of the office of members of the board of education of such district. The answers of the district and the individual defendants set forth the proceedings by which the district was organized and the action taken to elect members of the board of education. Plaintiff's reply challenged the sufficiency of the facts shown by the answer. The court sustained the organization of the district and held that defendants named in the second count were the duly elected members of the board of education and authorized to exercise the powers of such office.

Article 4 of the School Code (Ill. Rev. Stat. 1947, chap. 122, par. 4-1 *et seq.*) deals with the duties and powers of school trustees. Section 30 of article 4 pertains to the powers that school trustees may exercise in changing the boundaries of certain school districts where the district is located wholly within a township. Section 31 of article 4 refers to the powers which the trustees may exercise to change the boundaries of a school district where the terri-

torial area of the district is composed of parts of two or more townships. The proceedings by which the district in question was organized were initiated under said section 31. The cause comes to this court on direct appeal on the jurisdictional ground that plaintiff contends section 31 is so vague, indefinite and uncertain as to render it unconstitutional.

Section 31 is as follows: "Changes in the boundaries of districts which lie in separate townships, and of districts formed of parts of two or more townships, may be made at any regular semi-annual meeting of trustees, or at any special meeting held for the purpose, by the concurrent action of the several boards of trustees in which the district or districts lie, each board being petitioned as provided in Section 4-30."

The territorial area of Township High School District No. 200 of Cook County was composed of a part of two townships, namely: township 39 north, range 12 east, (Proviso Township,) and township 39 north, range 13 east, (Cicero Township,) both in Cook County. It is commonly known as the Oak Park, River Forest High School. On November 21, 1945, a petition was filed with the clerk of each township to be presented to the school trustees of such township requesting that the territory of said "Township High School District No. 200 be divided and that a part described as follows: "Sections 1, 2, 11, (except those parts thereof lying westerly of the central line of the DesPlaines River) and Section 12, (except the southeast quarter thereof) all in 'Township 39 North, Range 12 East of the Third Principal Meridian in Cook County, Illinois," be organized into a new community high school district. The part sought to be separated and organized into a new district includes River Forest and adjoining community. The allegations of the two petitions were identical. Plaintiff's complaint contained allegations challenging the qualifications of the signers of the petitions

and the sufficiency of the facts stated therein to show the organization of a community high school district and the election of its board of education, but no such questions are raised on this appeal.

The answer shows that at a special meeting of the school trustees of township 39 north, range 12 east, held December 27, 1945, the school trustees of that township considered the petition that had been filed with its clerk on November 21 and found that the petition contained the required number of signatures and that due and timely notice had been given. No one appeared in opposition to · the petition and the trustees, by appropriate resolution, granted its prayer. The clerk was directed that if no appeal was taken, he should file notice of the proceedings before the school trustees with the county clerk, in the manner and within the time prescribed by statute.

As to the petition filed with the clerk of the school trustees of township 39 north, range 13 east, it appears that the trustees convened an adjourned session of the semi-annual meeting on December 19, 1945, and having not fully considered the matters prayed for in the petition, adjourned the meeting to January 16, 1946, and on said date adjourned a second time to January 30. On the latter date, the school trustees adopted a resolution setting forth certain findings of fact and conclusions and denied the prayer of that petition.

Within the time prescribed by section 38 of article 4 of the School Code, an interested party gave notice of an appeal that he was prosecuting from the determination of the school trustees of township 39 north, range 12 east, to the county superintendent of schools of Cook County. Likewise, within the prescribed time, an appeal was taken to the county superintendent of schools of said county from the determination of the school trustees of township 39 north, range 13 east. On March 15, 1946, the county superintendent of schools signed and issued an order in

and by which he sustained the action taken by the school trustees of township 39 north, range 12 east, granting the prayer of the petition, and by the same order reversed the action taken by the school trustees of township 39 north, range 13 east, denying the prayer of the petition, and declared a new district was organized, to be known as Community High School District No. 223.

On March 15, 1946, the county superintendent of schools gave written notice to the clerk of the trustees of schools of each of said townships of the action taken and the order entered by him. Attention was called to the provision which required the clerk to call and give notice of an election for the purpose of electing members of a board of education in the newly created Community High School District No. 223.

The order of the county superintendent of schools was acted upon and made a matter of record in the office of the board of trustees of schools of township 39 north, range 12 east, and a resolution was adopted directing the clerk of the board of trustees of said township to call an election for the purpose of electing a board of education consisting of five members for the new Community High School District No. 223, and directed the clerk to provide materials and ballots for said election. The election was called, notice given and the ballots cast at the election were returned to the school trustees. A canvass of such returns was made and resolution adopted declaring that certain persons were the duly elected members of the board of education of said community high school district.

The first error urged for reversal is that section 31 of article 4 of the School Code is unconstitutional, in that the section provides that the petitions may be acted upon at any regular semi-annual meeting of the trustees or at any special meeting held for the purpose, while the section does not contain any provision for a semi-annual meeting or for the calling of a special meeting.

To ascertain the procedure school trustees should follow in exercising the power conferred by section 31, reference should be made to other sections pertaining to the powers and duties of trustees of schools. Although section 31 does not contain an express provision in reference to meetings, it will be found that section 16 of article 4 contains ample authority for the calling of meetings. It prescribes that the trustees of schools shall hold regular semi-annual meetings, designating certain times, and that special meetings may be called at any time by the president or by two members. The copy of the records of the school trustees shown in the pleadings discloses that the meeting at which the trustees of township 39 north, range 12 east, granted the prayer of the petition was a special meeting called by the president for that particular purpose. It further appears that the meeting at which the trustees of township 39 north, range 13 east, denied the petition was a regular adjourned semi-annual meeting. The meetings were held in conformity with section 16 of article 4, and that was sufficient.

Plaintiff says that the provision of section 31 which authorized the change of the boundaries of a school district located in two or more townships "by the concurrent action" of the several boards of trustees is indefinite, vague and uncertain, in that the statute does not define what is meant by the "concurrent action." It is argued that it cannot be determined from the statute whether it means the joint action of the several boards of trustees sitting as a body or means each group of trustees acting separately. The substance of what is now section 31 has been embodied in various provisions of the school laws for a number of years and on several occasions this court has construed and applied the provision requiring concurrent action of the several boards.

In *Rayfield* v. *People ex rel. McElvain,* 144 Ill. 332, a question was presented as to whether an allegation in

a plea in a *quo warranto* action showed there had been "concurrent action" by the boards of trustees of the two districts. It had been alleged that the trustees held a joint meeting at a point within one of the townships. In construing the language of the act "by the concurrent action of the several boards of trustees" it was held that the statute required that each board take separate action. In corroboration of such construction, it was noted that there was no statute authorizing the calling of a joint meeting of the trustees of the several townships.

In *Heppe* v. *Mooberry,* 350 Ill. 641, in considering the requirements of the statute in reference to "concurrent action" it was said: "While changes in the boundaries of districts which lie in separate townships can only be made by the concurrent action of the several boards of trustees in which the district or districts lie, yet by the words 'concurrent action' is not meant joint action but the independent action of each board separately, each agreeing to such change, and each board must have jurisdiction to act in the premises." Also, see *People ex rel. McNeal* v. *Dick,* 263 Ill. 66.

The answer discloses that each board of trustees had jurisdiction of their respective petitions filed with them and although they arrived at different conclusions, both matters were appealed to the county superintendent of schools and that, under section 38 of article 4, the county superintendent was vested with the power to review both proceedings and enter a final order thereon. He affirmed one petition and reversed the other, thereby in effect sustaining the prayer of both petitions.

It is contended that section 31 is incomplete in that it does not provide for the calling of an election for the purpose of selecting a board of education for the new district. Reference may be had to other provisions of the School Code to ascertain whether any of them refer to the calling of an election in such a case. Section 45 of

article 4 directs that where an order creating a new district has been entered by the county superintendent of schools on appeal, the clerk of the school trustees has authority to call an election to select a board of education. The clerk of township 39 north, range 12 east, called the election. The new district being located within that township, the call was properly made by him and since no part of the new school district was within the jurisdiction of the trustees of the other township, it was not necessary that the clerk of that board join in the call.

A question arises as to whether the call issued by the clerk of the school trustees of township 39 north, range 12 east, for the election of a board of education was correct in stating that five members of the board should be selected. Confusion arises out of the inconsistent provisions of the statute. Section 42 of article 4 refers to the calling of an election where the new district has been created by the concurrent action of the several boards of trustees and from which no appeal has been taken. The statute directs that in such case the call shall be for the election of a president and six members. Section 45 refers to the organization of a district by order of the county superintendent of schools on appeal. It directs that the call shall be for the election of a president and board members. Article 10 of the School Code deals with the organization of township and community high school districts initiated on petition and submitted to a referendum. For the organization of such school districts the statute directs that the board of education shall consist of five members. In the present case, the call was for the selection of five members and that number was voted upon and declared elected.

A validating act, (Ill. Rev. Stat. 1947, chap. 122, par. 407.10,) which was enacted and became effective after this suit was started, purports to validate the organization of community high school districts organized under the procedure followed in this case. In addition to the valida-

tion of the organization of the district, it declares that where steps have been taken as are outlined in the statute, and a board of education consisting of five members has been elected, such board is declared to be the duly elected corporate authority of the district. The statute further directs that thereafter the board of education shall consist of five members.

As stated, the answer shows the steps that were taken for the organization of the district and the selection of a board of education and no question is raised challenging the sufficiency of the notice of election, the form of the ballot or anything that pertains to the holding of the election and the canvassing of the votes.

It is contended that the validating act did not cure the defect arising out of the invalidity of section 31. That would be true, but we hold that section 31 of article 4 is not indefinite, vague and uncertain and that it is valid. It was within the power of the General Assembly to have provided in the first instance for the election of a board of education of five members, and since the election was properly held and such number was duly selected, the validating act cured any uncertainty as to the number of members of such board. *People ex rel. Reich* v. *McCoy,* 387 Ill. 288.

The judgment of the superior court was correct and is affirmed.

*Judgment affirmed.*