WILLIAM A. MOORE, Plaintiff in Error, *vs.* THE MAYOR AND CITY COUNCIL OF DANVILLE, Defendants in Error.

*Opinion filed February 20, 1908.*

DRAM-SHOPS—*ordinance making an entire block except one lot no-license territory is void.* Discretion vested in a city council to determine the limits of no-license territory is subject to judicial review, and an ordinance which, without following street lines, makes no-license territory of an entire block excepting one lot, upon which a dram-shop is being conducted, is void for discriminating in favor of such lot. (*People* v. *Cregier*, 138 Ill. 401, distinguished.)

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

KEEGAN & COSGROVE, for plaintiff in error.

O. M. JONES, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a petition for a peremptory writ of *mandamus* against the mayor and the city council of the city of Danville to compel the city council to grant William A. Moore, the relator, a license to conduct a dram-shop in a building known as No. 41 North Jackson street, in said city. It is conceded that the petition shows that the relator had complied in every respect with the ordinance relating to the issue of dram-shop licenses. The mayor and city council answered the petition, setting up the passage of an ordinance on January 25, 1906, which prohibited the issuing of licenses to sell liquor within a certain described territory, which included the premises of relator, known as No. 41 North Jackson street. The relator demurred to the answer on the ground that the ordinance of January 25, 1906, was void on its face, and therefore afforded no justification for refusing the relator a dram-shop license. The demurrer was overruled by the circuit court of Vermilion county and the petition dismissed. This writ of error has been sued out by the relator to obtain a review of that judgment.

The only question involved in this case is the validity of the ordinance set up in the answer. That ordinance provided that no license should be granted to keep a dram-shop within certain territory in said city, described in the ordinance as follows: "Beginning at the intersection of the south line of North street and the east line of the north and south alley between Jackson street and Hazel street; thence south to the north line of VanBuren street; thence east to the west line of the north and south alley between

Jackson street and Washington avenue; thence north to the south line of North street; thence west to the intersection of the west line of Jackson street with the south line of North street; thence south twenty-five feet; thence west sixty-six feet; thence north twenty-five feet; thence west to the place of beginning." This ordinance will be better understood by referring to the following plat, which shows the prohibition territory within the dotted lines:

By reference to the foregoing plat it will be seen that the ordinance relied on creates prohibition territory in a block of ground, with the exception of one lot twenty-five feet by sixty-six feet on the north-east corner of the block, bounded on the north by North street and on the east by Jackson street. Relator's premises are a little south of this excepted lot and on the opposite side of Jackson street. It is averred in the petition and not denied in the answer that

there are saloons being conducted north, south, east and west of relator's premises, but none of which are within the prohibition territory created by the ordinance of January 25, 1906. It is also admitted that a dram-shop is being conducted in a building located on the lot which is excepted from the ordinance of January 25, 1906.

We are asked by defendants in error to sustain this ordinance because the city council is vested with a broad discretion in determining the territorial limits within which dram-shop licenses will be granted. Conceding the discretion vested in the city council in respect to the limits within which it will grant licenses to keep dram-shops, yet such discretion is not arbitrary, in the sense that the council may pass an unreasonable and oppressive ordinance, which shows on its face plain indications of an intention to discriminate in favor of a single lot in a block of ground. One requisite of all municipal by-laws is that they must be reasonable. The power of the courts to set aside municipal ordinances because of unreasonableness is too well established to require citation of authorities to support it.

Defendants in error rely on the case of *People* v. *Cregier,* 138 Ill. 401. That case does not sustain the ordinance in question. The ordinance there under consideration followed street lines, and did not make a diversion merely for the purpose of leaving one building out of a block in license territory, as is the case with this ordinance. The point was made in the *Cregier case* that the ordinance there involved was unreasonable. This court, recognizing its right to declare the ordinance void if found to be unreasonable, considered the arguments there made and reached the conclusion that that ordinance was not unreasonable. In disposing of one argument made against the ordinance in that case, this court, on page 415, said: "Nor is it important, so far as this question is concerned, that other premises similarly situated, and within a short distance of those upon which the relator desires to keep a dram-shop, are not included within

the prohibited districts.    Such state of facts will almost necessarily result from any attempt to establish partial prohibition within the limits of any particular municipal corporation.    If prohibited districts are created at all, their boundaries must be established somewhere, and it may well be that the situation of premises on one side of the line may not differ essentially from that of those on the other. To a great extent the precise location of the boundary lines must be left to the arbitrary discretion of the municipal authorities.    The fact that premises are omitted from the districts which might just as wisely have been included and thus brought within the same protection, in no way militates against the reasonableness of the prohibition so far as it goes."    This language is thought by defendants in error to sustain the ordinance in question here.    We do not find it necessary to modify in any way any of the language above quoted or used elsewhere by the court in that case. It is a sufficient answer to defendants in error's contention in this regard, that the ordinance then being considered was not open to the objection already pointed out to the one relied on here.

While conceding that a city council may, in its discretion, determine the limits within which dram-shop licenses will be granted, and that it has a broad discretion in determining where the line shall be drawn between prohibition and licensed territory, still this power and discretion are subject to judicial revision.    Unlimited power, to be exercised according to the will and caprice of officials, is inconsistent with our system of government.   ·

The ordinance in question is unreasonable and void. The court therefore erred in overruling the demurrer to the answer.

The judgment of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*