EDWIN B. SHELDON *et al.* Appellants, *vs.* MACLAY HOYNE, State's Attorney, Appellee.

*Opinion filed December 17, 1913—Rehearing·denied Feb. 5, 1914.*

1. CONSTITUTIONAL LAW—*purpose of a constitutional provision concerning due process of law.* The purpose of the "due process of law" provision of the constitution is to protect every person in his personal and property rights against the arbitrary action of any person or authority.

2. SAME—*due process of law does not necessarily mean judicial proceedings.* Due process of law does not necessarily mean judicial proceedings, and a general law administered in its regular course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting alike all persons of the same class under similar circumstances, is due process of law.

3. SAME—*power to make laws cannot be delegated by the legislature.* The power to make laws for a State is a sovereign power vested in the legislature and cannot be delegated; but while the legislature cannot divest itself of the power to determine what the law shall be, it may authorize others to do those things which it is not practicable for it to do itself.

4. SAME—*when law is invalid for vesting discretion in officer.* The method of enforcing a law may be left to the discretion of administrative officers, but a law which vests in such officers, unregulated by any rules or conditions, the power to determine whether such law shall be enforced at all with reference to persons in the same class is purely arbitrary and is invalid, as arbitrary power, to be exercised according to the caprice of public officials, is inconsistent with our system of government.

5. SAME—*proviso to section 2 of Gas Safety Appliance act of 1911 is invalid.* The proviso to section 2 of the Gas Safety Appliance act of 1911 (Laws of 1911, p. 146,) places in the fire marshal, or other designated officer, the power to say who shall be amenable to the law, without any limitations or rules for the exercise of his discretion, and is therefore invalid.

6. SAME—*invalidity of proviso to section 2 of Gas Safety Appliance act renders entire act invalid.* The invalidity of the proviso to section 2 of the Gas Safety Appliance act of 1911 renders the entire act invalid, as the elimination of the proviso would cause results not contemplated by the legislature, in that the act would then apply to all classes of cases notwithstanding the legislature intended by such proviso to exempt from the act buildings where the flow of gas was comparatively small.

7. SAME—*when invalid provision of act renders the whole act invalid.* Where that part of an act which is unconstitutional so limits and qualifies the remaining portion that the latter, when stripped of the unconstitutional provision, is essentially different in its effect and operation from what it would be were the whole law valid, the act must be held invalid as a whole.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

TENNEY, HARDING & SHERMAN, for appellants.

ZACH HOFHEIMER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants, Edwin B. Sheldon and Frances Sheldon Whitehouse, as executors and trustees under the last will and testament of Edward H. Sheldon, deceased, filed their bill of complaint in the circuit court of Cook county, on behalf of themselves and other property owners similarly situated, to enjoin the State's attorney of that county from prosecuting them under the statute known as the Gas Safety Appliance act, passed by the Illinois legislature in 1911. The court sustained appellee's demurrer to the bill, and appellants having elected to stand by their bill it was dismissed for want of equity, at their costs. The injunction

was asked on the ground that the act in question was unconstitutional. For that reason the case has been brought directly to this court.

The constitutionality of the act is attacked on several grounds, among others, that by the proviso to section 2 of the act certain buildings are exempt from its provisions at the discretion of the fire marshal, and that therefore the act applies to one property but not to another, where both are in the same situation and of the same class. The second section, after providing as to the character of the gas safety appliances that shall be installed under the supervision and control of the duly authorized officer, concludes: *"Provided, however,* that in all cases where the total volume of gas led into any building or buildings, is not more than the average volume delivered through a three-fourths inch pipe, then all such buildings shall be exempt from the requirements herein named, unless the conditions under which the gas is used are such as to endanger life or property to the same extent as the larger average volume carried by pipes of the next larger size, then in all such cases, at the discretion of said duly authorized officer or officers, all such buildings may be required to be equipped as provided for herein." (Laws of 1911, p. 146.) The plain meaning of this proviso is, that where the total volume of gas led into a building is not more than the average volume delivered through a three-fourths inch pipe the building in question may or may not be exempt from the operation of the law, in the discretion of the fire marshal or other authorized officer or officers. Such officer is not to determine whether the conditions are such that they endanger life or property. The law gives him no such power, but, that fact being established, the statute does not provide how such officer is to exercise his discretion. He acts without any rules or provisions in the law to direct or restrict him as to whether the law shall apply to or affect any certain building.

Section 2 of article 2 of the constitution of Illinois provides: "No person shall be deprived of life, liberty or property, without due process of law." Due process of law does not necessarily mean judicial proceedings. Orderly proceedings under established rules not violating fundamental rights must be observed, but there is no vested right in any particular remedy or form of proceeding. A general law administered in its regular course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process. (*People* v. *Apfelbaum,* 251 Ill. 18.) The purpose of this constitutional requirement is to protect every person in his personal and property rights against the arbitrary action of any person or authority. (*Klafter* v. *Examiners of Architects,* 259 Ill. 15.) A statute, to conform to these maxims, must be binding upon and affect alike each member of the community of the same class or under similar circumstances. *State* v. *Ashbrook,* 154 Mo. 375.

The power to make the laws for a State is vested in the legislature and is a sovereign power, requiring the exercise of judgment and discretion. On common law principles, as well as by settled constitutional law, it is a power which cannot be delegated. "This is a general rule or maxim, but, like all other rules of the common law, it is flexible, extending as far as the reason and principles on which it is founded go and ceasing when the reason ceases." (Sutherland on Stat. Const. sec. 67.) While the legislature can not divest itself of the power to determine what the law shall be, it may authorize others to do those things which practically it cannot do itself. (*Block* v. *City of Chicago,* 239 Ill. 251.) As long ago as *People* v. *Reynolds,* 5 Gilm. 1, this court held that to establish the principle that whatever the legislature shall do it shall do in every detail or else it will go undone, would, in effect, destroy the government. The government could not be carried on if nothing

261 — 15

could be left to the judgment and discretion of the administrative officers. "The true distinction is between a delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made." (*Arms v. Ayer*, 192 Ill. 601; *People v. Grand Trunk Western Railway Co.* 232 id. 292.) The method and manner of enforcing a law must necessarily be left to the reasonable discretion of administrative officers, but any law that vests in the discretion of such officers, unregulated by any rules or conditions, whether such law shall be enforced at all with reference to individuals in the same class, is purely arbitrary, and such laws have always been held invalid. Unlimited power, to be exercised in accordance with the whim or caprice of public officials, is inconsistent with our system of government. (*Moore v. Mayor of Danville*, 232 Ill. 307.) Any law that compels a man to hold "any material right essential to the enjoyment of life at the mere will of another seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself." (*Yick Wo v. Hopkins*, 118 U. S. 356.) Such arbitrary power is, under the settled rules of law in this and other jurisdictions, a delegation by the legislature of its legislative functions to the officials in question and is therefore invalid. *Noel v. People*, 187 Ill. 587; *Cicero Lumber Co. v. Town of Cicero.* 176 id. 9; *City of Chicago v. Trotter*, 136 id. 430; *Commonwealth v. Maletsky*, 203 Mass. 241; *Little Chute v. Vancamp*, 136 Wis. 526; *State v. Tenant*, 110 N. C. 609.

The proviso of section 2 of the act under consideration is not uniform in its operation. It places in the hands of the fire marshal or other designated officer power to say who shall be amenable to the law,—and this, too, without any limitations, directions or fixed rules as to the exercise

of his discretion. Even though it is found that conditions are such as to endanger life or property, it still rests in the discretion of an administrative officer to decide whether or not the law shall be enforced,—a discretion which is purely arbitrary and might be exercised in the interest of a favored few. There is no appeal provided from his decision in the matter. The attempt to grant such unlimited power to administrative officers is unlawful. Under the decisions of this court, which are in accord with the authorities in other jurisdictions on this point, our conclusion is that this proviso of said section 2 of the act must be held unconstitutional and void.

Said proviso being void, does this render the entire act void? This depends upon whether the proviso is so blended with and a part of the rest of the act that it can not be presumed that the legislature would have passed the remainder of the act without the proviso. (*People* v. *Olsen*, 222 Ill. 117; *McAuliffe* v. *O'Connell*, 258 id. 186.) Where that part of the statute which is unconstitutional so limits and qualifies the remaining portion that the latter, when stripped of such unconstitutional provisions, is essentially different in its effect and operation from what it would be were the whole law valid, the whole law should be held invalid. The remaining portion of the statute thus stripped of its limitations and qualifications cannot have the force of law, because it is not an expression of the legislative will. (1 Lewis' Sutherland on Stat. Const.— 2d ed.—sec. 305.) The elimination of this proviso from the act would cause results not contemplated by the legislature, for the act would then apply to all classes of cases, notwithstanding that the legislature undertook to except from its provisions buildings where the flow of gas was comparatively small. It certainly cannot be argued from a reading of this entire act that the legislature intended that all buildings (except private residences) should be equipped with safety devices. A very different result was

plainly intended.   Under the reasoning of this court in *Mathews* v. *People,* 202 Ill. 389, *Kellyville Coal Co.* v. *Harrier,* 207 id. 624, and the authorities already cited, it must be held that the void portion of the statute is so blended with the remainder as to render the whole unconstitutional.

The other questions raised and discussed in the briefs as to the constitutionality of the act need not be considered.

The decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*