(No. 26743.—

THE PEOPLE *ex rel.* Board of Education of La Prairie Community High School District No. 10, Appellant, *vs.* BOARD OF EDUCATION OF BOWEN COMMUNITY HIGH SCHOOL DISTRICT No. 304, Appellee.

*Opinion filed September 21, 1942.*

SAMUEL JOSEPH NAYLOR, State's Attorney, (FRANK J. PENICK, and SAMUEL NAYLOR, of counsel,) for appellant.

JOHN W. WILLIAMS, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an action in quo warranto, brought by the People of the State of Illinois, upon the relation of E. M. Aden and other individuals composing the Board of Education of LaPrairie Community High School District Number 10, in the circuit court of Hancock county, against the Board of Education of Bowen Community High School District Number 304, for the purpose of testing the legality of the action of a certain Board of Appeal. The Board of Appeal consisted of Olen L. Smith, county superintendent of schools of Hancock county, Illinois, and J. Arthur Baird, county judge of Hancock county, Illinois. The order challenged by the petition was one whereby the said appeal board on December 18, 1940, disconnected certain territory, located entirely in Adams county, Illinois, from said La Prairie Community High School District Number 10, in Adams county, and annexed the same to Bowen Community High School District Number 304, said district consisting of territory located partly in Hancock county and partly in Adams county both before and after the action reviewed in this proceeding.

The petition was filed by the State's Attorney of Hancock county for and in the name of the People at the relation of the plaintiff-appellant, to which the defendant-

appellee filed a verified answer, and the plaintiff-appellant duly filed a verified reply to such answer. On the hearing the court found the issues in favor of the defendant-appellee, dismissed the petition and entered judgment against the relators for costs, hence the appeal directly to this court.

There is little controversy as to the facts, which disclose the following situation:

Concurrent petitions were presented to the boards of trustees of schools of North East township and Houston township, both in Adams county, and of Chili township in Hancock county, signed by 33 residents and legal voters, in the territory described in the petitions, asking that such territory be disconnected from the La Prairie District in Adams county, and annexed to the Bowen District in Adams and Hancock counties. The trustees of schools of said North East township and Houston township denied the prayer of said petitions, and the trustees of schools of said Chili township granted the prayer of the petition. Under these circumstances there was a failure to concur in the action to grant the prayer of the petition. Three of the petitioners thereupon appealed to the county superintendent of schools of Hancock county from the action taken by each of said boards of trustees. He fixed a time and place for hearing on said appeal, and gave notice of the same to all persons concerned, including William Mitchell, the county superintendent of schools of Adams county.

At the time and place fixed for the hearing on said appeal the interested parties appeared including the superintendent of schools of Adams county. He made a motion to continue the hearing, and when the superintendent of schools of Hancock county objected to a continuance, Mitchell left the room and refused to take any further part in the hearing. Objection was also made by La Prairie Community High School District Number 10 as to the jurisdiction of the Board of Appeal. J. Arthur Baird, county judge of Hancock county, was an alternative mem-

ber of the Board of Appeal in case of disagreement. He had been given notice to this effect and, after the departure of Mitchell, acted with the county superintendent of schools of Hancock county at the hearing. Evidence was taken, arguments heard, and the Board of Appeal granted the prayer of the petition, entering an order disconnecting the territory in question from the La Prairie District and annexing it to the Bowen District.

The territory comprising the La Prairie High School District Number 10 is all located within the boundaries of Adams county, part in North East township and part in Houston township. No county line intersects any part of the school district. The Bowen High School District lies partly in Chili township, in Hancock county, and partly in Houston township, in Adams county. The county line runs through the district both as constituted before and after the order of disconnection and annexation involved herein.

No question has been raised as to the sufficiency of the petitions filed with the several boards of trustees or as to the notices served both before and after the hearing before the Board of Appeal.

The three questions relied upon by appellant for reversal are: (1) that the appeal should have been taken to the county superintendent of schools of Adams county, Illinois, for the reason that the La Prairie District is the district affected by the action asked for in the petitions; (2) that sections 46 and 57 of the School law, (Ill. Rev. Stat. 1941, chap. 122, pars. 46 and 57,) are unconstitutional; (3) that the appeal is ineffective because it was not taken by or in the name of all of the signers of the said petitions.

As to the first contention the statute is quite clear, and the method of appeal taken by the appellee school district is in accord therewith. Section 57 of the School law provides "In all cases in which the district affected by a proposed change of boundaries is divided by a county line or lines, the appeal may be taken to the county superintendent

of schools of any one of the counties in which the district is partly located." The theory of the appellant is that the taking away of the territory from La Prairie District is injurious to such district and it is, therefore, "affected," and further, that by territory being added to the Bowen district, it is benefited and, therefore, is not "affected." Such argument cannot prevail. A district may be affected either by adding territory or by disconnecting territory. True, one may be affected in a beneficial manner and another injuriously, but nevertheless, each district is affected by a change in the boundary lines. In the present case, the Bowen district is divided by a county line, it is affected by the proposed change, and, therefore, an appeal can be taken to the county superintendent of schools of either of the counties in which the district is partly located.

The question of the constitutionality of sections 46 and 57 of the School law is a serious one. The appellant contends that section 46 confers upon the trustees of schools discretionary power to disconnect territory from one district and annex the same to another district, unregulated and not subjected to any permanent provisions operating generally and impartially in every case; that such powers are equivalent to a delegation of legislative authority and therefore a violation of article III of the constitution which provides for the separation of the three departments of government as follows: "The powers of the government of this State are divided into three distinct departments—the legislative, executive, and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

The cases relied upon by the appellant in support of their contention present a different situation from the record in this case. In *Jackson* v. *Blair*, 298 Ill. 605, section 90 of the School law was declared unconstitutional because in changing boundary lines on appeal the Superintendent of

Public Instruction was given authority "to order a change in boundaries of all abnormal high school districts with a view of making each high school district consist of compact and contiguous territory comparatively easy of access to all the pupils of the district, and to the end that justice shall be done," which was a clear delegation of legislative authority.

In *Kenyon* v. *Moore,* 287 Ill. 233, section 89 of the School law was held unconstitutional because the county superintendent of schools was given discretion to determine the question as to what would constitute a satisfactory and efficient high school district, with authority to deny the prayer of the petition if in his opinion the proposed district would not be satisfactory and efficient. Other cases cited show similar delegation of power to public officials or official boards amounting to legislative authority. *Noel* v. *People,* 187 Ill. 587; *Sheldon* v. *Hoyne,* 261 Ill. 222.

The question in this case is whether sections 46 and 57 give such discretionary powers as amount to legislative or judicial authority concerning the change of boundary lines of school districts. The validity of the two sections does not appear to have been heretofore raised directly in this court, although the provisions have been the subject of discussion in several cases. In *Fisher* v. *Birkey,* 299 Ill. 145, a suit was started to set aside an order made by the county superintendent of schools of Tazewell county establishing School District No. 118, and for an injunction against the defendant directors from issuing bonds and from performing other duties of school directors. The court sustained a demurrer to the bill and entered an order dismissing the same for want of equity. In discussing the provisions of the School law with reference to the change of boundaries this court said, "'The object and intention of said sections of the School law, as this court has frequently held, are to empower township trustees to form new districts and to change the boundaries of districts, in their discretion, when

properly petitioned, to suit the wishes and conveniences of a majority of the inhabitants of the township or townships, and authority and power are vested in the county superintendent of schools to use a like discretion in affirming or overruling the trustees when an appeal has been taken to him." In commenting on the validity of the sections the court said "On the question of the constitutionality of said sections of the statute, we are not disposed to hold in this action that any of the sections are void or unconstitutional for the reasons contended by appellants. The county superintendent of schools did not act in a judicial or legislative capacity and did not exercise judicial power in deciding finally on the question of the organization of the new district. He was merely acting in his ministerial capacity." The case was decided, however, on other grounds and the court stated that the fact that these sections or any of them might be held unconstitutional would not entitle appellants to relief by injunction because there was an adequate remedy at law.

*People ex rel. School Directors* v. *Buskirk,* 279 Ill. 203, is a case wherein it was held that a county superintendent of schools, in deciding an appeal of the nature which is involved in this case, acted in his administrative capacity and did not exercise judicial power.

In *Frye* v. *Hunt,* 365 Ill. 32, a petition was filed with the superintendent of schools of Hamilton county, requesting that he order an election for the purpose of voting for or against the proposition to establish a community high school within certain territory. The county superintendent called an election and the community high school was organized. A review of his action came to this court by *certiorari,* and it was shown that the petition to organize was insufficient on its face, but in commenting on the duties of the county superintendent it was announced that "He acts in an administrative capacity and not as a judicial officer."

Section 46 undoubtedly gives to the trustees of schools the power to change boundary lines of school districts within their townships but only when based upon a proper petition signed by the number of legal voters within the district prescribed by statute. Where there is not a concurrence by the respective boards of trustees having jurisdiction over the territory involved, a method of appeal is provided and the Board of Appeal has the same powers under section 57 that the trustees of schools had in the first instance. But the only power given is to grant or refuse the petition. The board has no power to make any other change than that petitioned for. While it is at times difficult to draw the distinction as to whether the exercise of a power is administrative or legislative, the language of the court in *Sheldon* v. *Hoyne, supra,* is helpful. There it was stated "As long ago as *People* v. *Reynolds,* 5 Gilm. 1, this court held that to establish the principle that whatever the legislature shall do it shall do in every detail or else it will go undone, would, in effect, destroy the government. The government could not be carried on if nothing could be left to the judgment and discretion of the administrative officers. 'The true distinction is between a delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made.' "

In this State, trustees of schools have always been vested with some discretion in the performance of their duties to district or redistrict within the township so long as their action is in compliance with the provisions of the statute, and any injustice or abuse of such limited discretion is reviewable by the courts.

We do not deem the limited powers granted by sections 46 and 57 of the School law a delegation of legislative

or judicial power and hold the said sections not to be un-constitutional or void.

The third theory of appellant is that the appeal was ineffective because it was not taken by or in the name of all the signers of the said petitions. Section 55 of the School law states that "The petitioners, or the legal voters who appear to oppose the change of boundaries, shall have the right of appeal to the county superintendent of schools." In *People ex rel. McNeal* v. *Dick,* 263 Ill. 66, while the opinion does not show whether the exact question was raised, it does make the following statement: "The petition is required to be signed by a majority of the legal voters in each district, and the right of appeal is given to every peti-tioner from the decision of either board of trustees." In the present case, 33 legal voters signed the petitions and only three prosecuted the appeal. We believe the true rule was announced in *People* v. *Dick, supra,* and this procedure seems to have been followed without objection in *Heppe* v. *Mooberry,* 350 Ill. 641.

Appellant also urges that section 57 is unconstitutional for the additional reason that by this section the legislature has attempted to grant executive powers to an officer of the judicial branch of the government contrary to the con-stitution, in that the county judge is given the authority to exercise powers properly belonging to one of the other departments of the government. By making the county judge a member of the Board of Appeal, the legislature has merely created an agency, other than itself, for the purpose of effecting changes in the boundaries of school districts. The naming of the county judge as a member of the Board of Appeal was not done because he is a judicial officer, but merely as an individual the same as any other public officer might be selected to perform ministerial duties in effecting changes in the boundaries of school districts. This is not such an investment of authority in the county

320

judge as requires him to exercise the powers of some other branch of our government other than the judicial.

The circuit court of Hancock county was correct in finding the issues in favor of defendant-appellee and ordering that the suit be dismissed with costs to be assessed against the relator. The judgment of that court is affirmed.

*Judgment affirmed.*