(No. 27862.—

J. E. Husser *et al.*, Appellants, *vs.* Arthur Fouth *et al.*, Appellees.

*Opinion filed March 21, 1944.*

J. L. SPAULDING, CAREY R. JOHNSON, and J. T. SKINNER, all of Princeton, for appellants.

TRIMBLE & TRIMBLE, of Princeton, and HIBBS & POOL, of Ottawa, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This case comes to this court on an appeal from a judgment of the circuit court of Bureau county, Illinois, entered September 20, 1943, detaching 1360 acres of land from Malden Community High School District No. 511 and adding same to LaMoille Community High School District No. 509.

Petitions signed by thirteen out of fifteen of the legal voters residing in the territory in question and by two thirds of the legal voters residing in LaMoille Community High School District 509 were filed with the county superintendent of schools of Bureau county seeking the detachment of land from school district No. 511 asking that said territory be added to the territory of school district No. 509, pursuant to the provisions of section 91d of an act entitled "An Act to establish and maintain a system of free

schools" approved June 12, 1909, as amended by the legis-lature in 1941.

The pertinent provisions of section 91d read as follows: "The county superintendent of schools shall change the boundaries of any township or community high school district so as to detach territory from one such high school district and add the same to another such high school district; (1) when petitioned by two-thirds of the legal voters residing within the territory proposed to be detached, as described in the petition and by a majority of the legal voters residing in the high school district to which such territory is proposed to be added, asking that such territory be detached from the one high school district and added to the other high school district; * * * Any such petition shall specifically describe the territory to be detached from the one high school district and added to the other high school district, which territory shall be compact, contiguous and adjacent to the high school district to which such territory is sought to be added. * * * No such territory may be detached from any such district unless the high school of the district to which such territory is to be added is more reasonably located as to comfort and convenience of the high school pupils of the territory sought to be detached, than is the location of the high school of the district from which such territory is sought to be detached. No territory shall be detached from any such district if said detachment makes it impossible for the district from which it is proposed that territory be detached, to thereafter meet the recognition standards of the Superintendent of Public Instruction." (Ill. Rev. Stat. 1943, chap. 122, par. 99d.) The section makes provision for appeal to the circuit court from the decision of the county superintendent.

On March 17, 1943, at a hearing held by him, the county superintendent of schools of Bureau county approved the prayer of the petition for detachment from school district No. 511 and annexation to school district

No. 509. An appeal was taken to the circuit court of Bureau county where the appellants filed a motion to dismiss the petition for reasons hereinafter discussed. On the hearing of the motion, testimony of witnesses was taken and, after arguments, the court affirmed the county superintendent and found that the requirements of the act had been complied with; that the petitions were in the form prescribed by the statute and that the territory described was compact and contiguous and is adjacent to LaMoille Community High School District No. 509 and that said school district is more reasonably located as to the comfort and convenience of the high school pupils of said territory than is Malden Community High School District No. 511 and found that the detachment of territory from district No. 511 would not make it impossible for said district to thereafter meet the recognized standards of the Superintendent of Public Instruction.

Before the circuit court it was conceded that the petitions were in proper form and signed by the requisite number of legal voters. The evidence submitted indicated that the persons residing in the territory sought to be detached nearest to the Malden school in district No. 511 and farthest from the LaMoille school in district No. 509 lived five miles from the LaMoille school and six miles from the Malden school; that one of the petitioners lived four miles nearer the LaMoille school than to the Malden school; that another petitioner lived two and one-half miles nearer to the LaMoille school than to the Malden school; that the nearest point in the territory sought to be annexed to the LaMoille school was three and one-half miles, which point was also more than eight miles from the Malden school; that in going to the LaMoille school it was not necessary, by the best roads, to pass over any railroad tracks, whereas the road to Malden passed over the main line and a branch line of the Chicago, Burlington & Quincy railroad. It was further shown that the grade school which was attended

by the children in the territory to be detached was on the way to LaMoille, making it convenient for persons taking children for attendance to either or both schools; that the people of the territory generally traded at LaMoille; that the territory was on the LaMoille telephone exchange which permitted telephone communications without additional charges and that there were likewise for the convenience of the public three good restaurants in LaMoille, which eliminated the necessity of the children taking lunches to school, whereas there were no good restaurants in Malden. No testimony was offered to rebut the testimony of the detaching petitioners.

It was stipulated that the assessed valuation for 1942 in Malden High School District was $1,437,441 and that for said year there was levied the sum of $11,500 for educational and $500 for building purposes, totaling $12,000 and that the county clerk extended taxes for the district of 79 cents for educational purposes and 4 cents for building purposes, totaling 83 cents; that the total assessed valuation of the property sought to be detached was $51,660 plus $5375 levied against the Burlington railroad, making a total of $57,035; that the assessed valuation for 1942 in LaMoille High School District was $1,775,556 and taxes were extended at the rate of 98 cents for educational purposes and 5 cents for building purposes, making a total rate of $1.03.

The appellants, consisting of the Malden Community High School District and a taxpayer, J. E. Husser, rely on two propositions as grounds for reversal of the judgment of the circuit court: (1) That the school maintained by district No. 511 is reasonably enough located as to the comfort and convenience of the high school pupils of the territory in question within the meaning of section 91d of the School Law, and (2) that section 91d of the School Law is unconstitutional and void as delegating legislative power and authority to the county superintendent of

schools in allowing him to construe the meaning of the words "compact, contiguous and adjacent;" to determine whether or not, under the decisions of this court and the provisions of section 91d, the high school maintained by the LaMoille school district is more reasonably located as to comfort and convenience to the high school pupils of the territory sought to be detached than the location of the high school maintained by the Malden School District, and to determine whether the detachment of the territory from the school district makes it impossible for that district to thereafter maintain the recognition standards of the Superintendent of Public Instruction.

As to the first point raised by the appellants, the only evidence offered was the evidence of the petitioners as to the advantages and conveniences offered by the annexation of the territory in question to the LaMoille school district. The testimony that the territory sought to be annexed to the LaMoille district shortened the distance which the students must traverse by a minimum of one mile to a maximum of four miles, that no railroad tracks had to be crossed on the way to the LaMoille school and that better eating facilities were prevalent, among other reasons, without any contradiction thereof, seems sufficient to merit the approval of the petition upon the ground that the La-Moille school was more reasonably located as to the comfort and convenience of the high school pupils of the territory sought to be detached than is the Malden school.

The second point made by the appellants that section 91d of the School Law is unconstitutional and void raises a more difficult question. Article III of the Illinois constitution of 1870 provides for the separation of the three departments of government as follows: "The powers of the government of this state are divided into three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to

either of the others, except as hereinafter expressly directed or permitted."

Ever since there has been a school law in Illinois the fundamental principle for the establishment of the school districts has been that they should be such as the convenience and wishes of a majority of the inhabitants require. The law has provided for the ascertainment of such wishes and convenience, either by petition signed by a majority or more of the legal voters or by elections held for the purpose. It is not the exercise of either legislative, executive or judicial power for the inhabitants of any territory to avail themselves of the privilege of organizing a school district in accordance with the authority conferred by a statute which specifies with particularity the rules and conditions under which the organizations may be made. *People ex rel. Taylor* v. *Camargo School Dist.* 313 Ill. 321.

It remains to be seen, therefore, whether section 91d is sufficiently particular in its rules and conditions under which an organization may be made so as not to be a delegation of legislative or judicial authority.

The appellants admit in argument that the LaMoille district, even including the territory sought to be detached, is compact, contiguous and adjacent under the decisions of this court, but argue further that since section 91d does not in its terms define the words compact, contiguous and adjacent, which words are not generally accepted in their meaning, it thus leaves it entirely to the county superintendent to construe such words. To hold that these words are shrouded with a mystery demanding a judicial interpretation in addition to the commonly accepted dictionary interpretation is but to add confusion to the law. Words should be given their commonly accepted meaning unless otherwise defined by the legislature. The word "adjacent" was defined in its common meaning in *People ex rel. Sackmann* v. *Keechler,* 194 Ill. 235, to be synonymous with contiguous, and the word "compact" was commonly defined in

*People ex rel. Lutz,* v. *France,* 314 Ill. 51, to mean concentrated, close or near to a certain center.

Appellants further complain that giving power to determine whether certain territory is more reasonably located as to comfort and convenience of pupils to the school house in the district to which it is sought to be attached is a delegation of legislative authority. This appears to be nothing more than a finding of fact and the only duty imposed upon the county superintendent of schools is to either allow or deny the petition for change upon such finding of fact.

Giving power to determine whether the detachment of territory from the Malden district deprives the district of such an amount of assessed valuation of property that the district's revenue after detachment will be so reduced as to make it impossible for the district to operate as it has in the past is, likewise, not a delegation of legislative authority. Such determination is to be made according to the standards of education set out by the Superintendent of Public Instruction applicable to the entire State of Illinois and is likewise a question of fact and not a decision as to what standards should be. There is no arbitrary discretion left to the county superintendent as to what constitutes an efficient school system.

The appellants rely heavily upon the cases of *Kenyon* v. *Moore,* 287 Ill. 233; *Jackson* v. *Blair,* 298 Ill. 605; *North* v. *Board of Education,* 313 Ill. 422, and *People ex rel. Bensenville School Dist.* v. *Rathje,* 333 Ill. 304.

The *Kenyon case* held section 89 of the School Law unconstitutional because the county superintendent of schools was given discretion to determine as to what would constitute a satisfactory and efficient high school district with authority to deny the prayer of a petition filed before him if, in his opinion, the proposed district would not be satisfactory or efficient. It was there said that the law did not define or specify the requisite of a satisfactory and efficient

community high school district and left it to the county superintendent without any rules of limitation for the exercise of such discretion; that until the superintendent acted it could not be known what the law was and instead of being uniform throughout the State the act was subject to different and varying interpretations by the various county superintendents, and conferred, therefore, an arbitrary discretion and delegated legislative powers contrary to law.

In the *Jackson case,* section 90 of the School Law was declared unconstitutional because in changing boundary lines on appeal the Superintendent of Public Instruction was authorized to order a change in boundaries of all abnormal high school districts with the view of making each district consist of compact and contiguous territories easy of access to all pupils of the district to the end that justice shall be done. This gave to the Superintendent the right to determine in his own discretion whether the boundaries of a district are normal and whether or not compact and contiguous and easy of access to all pupils in the district and did not preclude him from changing the boundary in any way that in his own judgment he may see fit.

The *North case* construed section 89g of the School Law as leaving it within the discretion of the circuit judge, to whom a petition for detachment of territory could be presented, to determine what the law should be in a particular case and to determine what territory shall be included within the confines of a school district and was, therefore, a delegation of legislative power and unconstitutional.

In the *Rathje case,* this court construed section 91a, which gave the power to order a detachment of territory to an *ex-officio* board composed of the chairman of the county board of supervisors or board of county commissioners, the county judge and county clerk. This board was given power to detach territory from one district and add such territory to another, with discretion to determine whether the change was necessary for the reasonable con-

venience and comfort of the children in attending the high school. This court held that the act failed to make it mandatory that such action be taken where the petitioners proved the change to be necessary for the reasonable convenience and comfort of the children in attending high school and left it to the arbitrary discretion of the *ex-officio* board to do as they wished in the exercise of such discretion. In the *Rathje case* we also distinguished the case of *Milstead* v. *Boone,* 301 Ill. 213, relied upon by the appellees, upon the ground that there the board had discretion only to allow or deny the petition before it and could do nothing else; that while the board could decide the sufficiency of the petition the act conferred upon it no discretion as to what should constitute a sufficient petition.

The *Milstead* decision pointed out that the *ex-officio* board, under section 90 of the School Law "cannot make any changes in boundaries of districts other than the exact changes prayed for in the petition. It can do only the specific thing asked in the petition. It has no power to refuse to do that and do another thing. While it may decide the sufficiency of the petition, the act confers upon it no discretion as to what shall constitute a sufficient petition. That is defined by the law. When the petition does not comply with the law, the *ex-officio* board has no power to say that the one present is sufficient. In short, no power is given to that board to determine what the law shall be. The discretion to be exercised by it is a ministerial or administrative discretion to determine, not what the law shall be, but what shall be done in the matter of its execution. This is neither a delegation of legislative nor judicial power."

In the case of *Fisher* v. *Birkey,* 299 Ill. 145, sections 46, 47, 52, 55 and 56 of the School Law were considered. Under these sections the county superintendent, in acting upon a petition brought before him on appeal, decided that the allowance thereof would be for the best interest of the

districts and the inhabitants thereof and reversed the action of the trustees and granted the prayer of the petition. In holding the sections constitutional the court said: "The county superintendent of schools did not act in a judicial or legislative capacity and did not exercise judicial power in deciding finally on the question of the organization of the new district. He was merely acting in his ministerial capacity."

In *Felker* v. *Roth,* 346 Ill. 40, the appellants contended that sections 45, 55 and 56 of the School Law were unconstitutional for the reason that the trustees were vested with legislative functions without review by a competent judicial body and that the superintendent of schools was given unreasonable discretion in either approving or denying the petitions filed. The court approved the holding in *Fisher* v. *Birkey,* 299 Ill. 145.

In a recent decision of this court in *People ex rel. Board of Education* v. *Board of Education,* 380 Ill. 311, the court, in construing sections 46 and 47 of the School Law, made a review of many of the cases heretofore cited. The court pointed out that the only power given to the trustees of schools was the power to grant or refuse the petition and that it had no power to make any other change than that petitioned for. It was said: "While it is at times difficult to draw the distinction as to whether the exercise of a power is administrative or legislative, the language of the court in *Sheldon* v. *Hoyne, supra,* [261 Ill. 222] is helpful. There it was stated, 'As long ago as *People* v. *Reynolds,* 5 Gilm. 1, this court held that to establish the principle that whatever the legislature shall do, it shall do in every detail or else it will go undone would, in effect, destroy the government. The government could not be carried on if nothing could be left to the judgment and discretion of the administrative officers. "The true distinction is between a delegation of power to make the law, which involves a discretion as to what the law shall be,

and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made." ' " Sections 46 and 47 of the School Law were there held not to be a delegation of legislative or judicial power.

Section 91d here in question does none of the things held void or objectionable by the decisions hereinabove cited. The county superintendent is made the agency of the legislature to change school district boundaries and provides that he shall so change the boundaries when certain facts exist, such as a proper petition evidencing the desire of the people affected; the fact that the territory is compact, contiguous and adjacent to the district to which the territory is to be added; the fact that the school of the district to which the territory is to be annexed is more reasonably located as to comfort and convenience of the pupils of the territory to be annexed, and that the recognition standards of the State Superintendent of Public Instruction, uniform throughout the State, may be maintained in the district from which the territory is to be taken. Nowhere do we find any discretionary power to determine what constitutes a proper, efficient or satisfactory district or a determination what the law should be or is or what the policy of the legislature is or should be in educational matters. The county superintendent is given no alternative but to grant or refuse the prayer of the petition. He makes no determination as to what the boundaries of a district shall be or whether the best interest of the voters and inhabitants affected shall be best served by the detachment and annexation prayed for by the petition. His decision is reviewable by the courts.

For these reasons, the judgment of the circuit court of Bureau county is affirmed.                    *Judgment affirmed.*