(No. 32897.—▮▮▮▮▮▮▮▮)
THOMAS HART FISHER, Appellant, *vs.* JAMES S. KEMPER *et al.*, Appellees.

*Opinion filed November 18, 1953—Rehearing denied Jan. 18, 1954.*

Norman Crawford, of Chicago, for appellant.

Frederick Dickinson, and Kirkland, Fleming, Green, Martin & Ellis, both of Chicago, (Weymouth Kirkland, David Jacker, Joseph H. Pleck, and Thomas F. Scully, of counsel,) for appellees.

Mr. Justice Fulton delivered the opinion of the court:

The plaintiffs filed an action in the superior court of Cook County seeking to enjoin the defendants from using or permitting the use of premises located in the village of Winnetka, known herein as the "Kemper Property" in violation of section 3-A of the Winnetka zoning ordinance and section 437 of the Winnetka municipal code.

A stipulation covering most of the basic facts was filed in the cause.

The Kemper property consists of four or five acres of land lying between Sheridan Road and Lake Michigan in the village of Winnetka and is presently improved with a three-story single-family dwelling referred to as the "main building," consisting of 20 rooms and a basement, together with a one-and-a-half story wing on the south side, and a one-story glass-enclosed "breakfast porch" on the east or lake side of the building. The main building is of "ordinary construction" as defined in sections 475-478 of the municipal code of the village of Winnetka. The exterior walls of the main building are of solid masonry, consisting of brick trimmed with stone, having a thickness of 16 inches between the first and second floors and a thickness ranging from 12 to 16 inches between the first and second floor and

the roof. The foundation walls of the main building are of concrete 16 inches thick. The roof is covered with slate tile shingles one-half inch thick, laid on wooden rafters.

There are also two accessory buildings on the premises, a garage and a two-room guest house. The guest house is a small, one-story stucco-and-wooden building consisting of two rooms and no heating facilities except a fireplace. It is located approximately 100 feet from the nearest property line. The wooden garage with living quarters is located within eight feet of a single-story shed-type wooden building abutting the property line between the Kemper property and the property of plaintiff Thomas Hart Fisher on the north. This structure is located within ten feet of a two-story brick-and-wooden building on the Fisher property used for a private artist's studio. The Kemper property is located within an "A" (one-half acre) residence district in said village of Winnetka, as defined in the zoning ordinance, section 3-A, and is located in the most highly restricted district of said village.

The Congregation of the Resurrection entered into an agreement to purchase the Kemper property from the defendant James S. Kemper on September 6, 1951, for the sum of $176,500, and the purchase was consummated on September 20, 1951. The congregation took possession of the property on October 1, 1951.

The plaintiff Thomas Hart Fisher owns the property on the north of the Kemper property, and his residence is located more than 200 feet away from all the buildings, except the small guest house mentioned above.

The congregation proposed to use the Kemper premises for the purpose of conducting a minor seminary or private school in which boys of high school age are provided with a secondary school education in preparation for a religious life. A high school curriculum is offered so that the boys who do not continue with a religious career are eligible for transfer to another high school or for admission to college.

On January 17, 1922, the village council of the village of Winnetka passed and approved a zoning ordinance to which many amendments have been made. The proposed use of the Kemper property is not challenged on this appeal.

The appellant contends, however, that the use should not be permitted unless all of the buildings on the premises shall be of fireproof construction, and asserts that all of the outbuildings on the Kemper and Fisher properties are inflammable and should be of fireproof construction before the proposed use be permitted.

The stipulation of facts further recites that the premises may be used as a minor seminary after the requirements of the village of Winnetka and the State of Illinois are completed, and upon receiving a certificate of occupancy and compliance from the superintendent of public works of the village of Winnetka.

Section 10 of the village zoning ordinance provides that no land or building shall be occupied or used until a certificate shall have been issued by the superintendent of public works stating that all building and health laws and ordinances have been complied with.

Shortly after the purchase of the property the congregation by letter applied to Robert L. Anderson, superintendent of public works of the village of Winnetka, for a permit to use the entire Kemper property as a minor seminary or private school for at least 20 boys and four teachers. The application was presented to a meeting of the village council and referred to the law committee. The superintendent of public works then inspected the buildings and premises on the Kemper premises, together with the village fire marshal.

After his examination of the premises, the superintendent of public works made a report to the village council in which he stated that he had inspected the main building accompanied by the fire marshal and building inspector to

determine its fitness for such an occupancy under the building code and fire regulations, including those of the State of Illinois; and that the structure was well built and in an excellent state of repair; that the building was well adapted for the proposed use, and undoubtedly housed as many people at times in its former use as a large residence, as the number proposed by the congregation to be accommodated; that under section 437 of the municipal code all buildings not included under certain classifications set up earlier are required to be built of fireproof construction unless this requirement is reduced by resolution of the village council upon recommendation of the superintendent of public works. In his letter he recommended that in view of his findings the village adopt a resolution as provided in section 437 of the municipal code reducing the requirement for fireproof construction to "ordinary construction" for occupancy of the Kemper premises as a seminary including dormitory for not to exceed fifty persons.

After due notice the report was presented at the village board meeting September 4, 1951, and a resolution was passed as recommended by the superintendent of public works. On September 5, 1951, the village manager of Winnetka notified the congregation by letter of the action taken by the village of Winnetka and informed the congregation that on compliance with the safety requirements of the fire marshal, a certificate of occupancy would be issued by the superintendent of public works. Three days later the village fire marshal, Rod A. Porter, wrote a letter to the congregation stating in effect that conversion of the 22-room dwelling to school purposes will require certain alterations in connection with safety requirements. After outlining certain requirements, Porter stated that the Illinois Rules and Regulations for Fire Prevention and Safety (1951) must be considered; that the congregation would "discern from the enclosed excerpts from the Illinois Rules

and Regulations considerably more protection likely will be required, notably for stairway, boiler room and exit facilities."

On the same day, September 7, 1951, Gustav Witzke, the deputy State Fire Marshal, who had inspected the premises with Porter, served notice on the congregation of 15 major alterations to be made within thirty days. The action taken by the village fire marshal was authorized by the village municipal code and section 9 of the State Fire Marshal Act. Ill. Rev. Stat. 1951, chap. 127½, par. 9.

It was further stated in the stipulation of facts that the changes and alterations in the main building specified in the letter to the congregation from the fire marshal of the village of Winnetka, dated September 7, 1951, and fifteen major changes listed in a notice from Gustav Witzke, Deputy Fire Marshal of the State of Illinois, have not been made because the program of the congregation with respect to the use of the main building was interrupted by the filing of this action on October 5, 1951, and that Robert L. Anderson, superintendent of public works, has not issued any permit or license authorizing the use and occupancy of the property by the congregation.

The stipulation shows that the congregation has not refused to correct any of the defects or to meet any of the safety requirements outlined by the Department of Public Safety.

The resolution adopted by the Winnetka village council on September 4, 1951, is confined to the use of the main building on the Kemper property as a minor seminary, and the subsidiary buildings on the premises retain their status as accessory buildings.

At the close of the plaintiff's case, which included the stipulation of facts, the plaintiff Edward R. Lewis asked leave to withdraw as plaintiff and attorney, which motion was granted, the case dismissed as to him and his withdrawal as attorney allowed.

The decree of the superior court provided that the case be dismissed as to the defendant James S. Kemper on the ground that he was not a proper party.

The decree dismissed the first count of the complaint asking for injunctive relief for want of equity. The decree further held that a private school such as heretofore described, may be operated and maintained in a district classified as an "A" (one-half acre) residence district under the zoning ordinance of the village of Winnetka, and that the defendant congregation may use the Kemper property, for the purpose of maintaining thereon, a minor seminary as herein described, upon receiving a certificate of occupancy and compliance from the said village of Winnetka.

It was further held in the decree that section 437 of the municipal code of the village of Winnetka was a valid enactment. The trial judge certified that a construction of the constitution and the validity of said municipal ordinance were involved herein and that in his opinion the public interest requires that any appeal should be taken directly to this court.

The appellant contends that the constitutionality of that part of section 437 of the municipal code of the village of Winnetka contained in the clause, "unless such requirement is modified by resolution of the Village Council on recommendation of the Superintendent of Public Works," with the resolution of the village council based thereon, is the primary issue in the case. Under the provisions of section 75 of the Civil Practice Act, a direct appeal to this court is authorized.

Section 436 of the Winnetka municipal code enumerates eight different classifications of buildings and other sections prescribe the type of construction necessary for each class and use. Section 437 is not confined to school buildings not classified in section 436. Other classifications are included in various sections of the code. The municipal code contains no specific provisions relating solely to schools.

Section 437 of the code provides: "Buildings not included within any of the above classes, shall be of fireproof construction unless such requirement is modified by resolution of the Village Council on recommendation of the Superintendent of Public Works."

The construction contended for by appellant is that the portion of section 437 providing that all "Buildings not included within any of the above classes, shall be of fireproof construction" is constitutional and refers to school buildings, but that the portion of section 437 granting the village council authority by resolution to modify or eliminate the fire restrictions applicable to private schools, as well as the resolution purporting to exercise such authority, are unconstitutional and void.

The authorities cited by appellant in support of his plea for injunctive relief are *Griswold* v. *Brega,* 160 Ill. 490, *Patterson* v. *Johnson,* 214 Ill. 481, and kindred cases. In those cases injunctive relief was granted because the defendants had not complied with city building ordinances in an attempt to remove old or unsafe wooden buildings to a fire limit area, or a dilapidated blacksmith shop to a strictly residential street, or other special injuries shown.

It would be unreasonable and impracticable to require every unclassified building, regardless of use, to be of fireproof construction, and a saving or modification clause similar to that contained in section 437 is not unusual in ordinances pertaining to building restrictions.

Among the many buildings and uses not classified in section 436 are churches and schools. The variations in size, occupation and use of such buildings might or might not require fireproof construction. Taking into consideration the many other buildings not classified under the Winnetka municipal code, and the provision that no modification can be approved without the recommendation of the superintendent of public works, we do not deem section 437 to be unreasonable.

In the case of *Springfield Gas and Electric Co. v. City of Springfield,* 292 Ill. 236, this court held that section 22 of article IV of the Illinois constitution, prohibiting special laws, does not mean that the same rule shall apply to every individual in the State under all circumstances but only those under substantially the same circumstances; and laws may be valid though operating only upon particular persons or classes, if the classification is not arbitrary and there is a valid reason for the particular operation.

Appellant conveys the impression that because the Kemper property has been sold to a school, the main building of which is located some 200 feet from his dwelling, it has become a firetrap and will be a fire hazard to his property if permitted to be used as a minor seminary.

In *Joseph v. Wieland Dairy Co.* 297 Ill. 574, which was a bill to enjoin the erection of a stable for a dairy business, it was held: "The sole fact complained of is the violation of the ordinance, and this, without showing any other fact, is not sufficient from which to draw the inference that the structure would be so constructed as to cause personal discomfort to the complainants or injury to their property. An injunction will not be granted to allay the fears of the complainants which are not based upon facts showing a reasonably probable cause for apprehension."

We do not feel that appellant has shown any injury sufficient to warrant the issuance of injunctive relief in this case and the superior court very properly dismissed his application for injunction applied for in count one of his complaint.

Appellant further contends that the latter portion of section 437 of the Winnetka village code is unconstitutional as being an unlawful delegation of legislative power and because it purports to grant power to the village council, on recommendation of the superintendent of public works, by a mere resolution to modify or eliminate the fire restrictions. It is his view that the offending clause in

section 437 of the village code, as well as the purported resolution thereunder, contained no legislative standard by which the village council or authorities were to be controlled and guided in the modification of the fire-safety requirement generally applicable to schools in the village of Winnetka. In support thereof he cites and quotes extensively from a number of Illinois cases including *Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9, and *Sheldon* v. *Hoyne,* 261 Ill. 222.

In the *Cicero Lumber Co. case,* an ordinance creating a pleasure driveway was passed forbidding the use of heavy vehicles thereon except upon special permission of the board of trustees. Under the ordinance permission might have been granted to one person to drive a heavy vehicle over certain boulevards, but denied to another person, and accordingly the ordinance was found unreasonable and invalid. In *Sheldon* v. *Hoyne,* 261 Ill. 222, the proviso to section 2 of the Gas Safety Appliance Act of 1911, placed in the fire marshal the power to say who shall be amenable to the law, without any limitations or rules for the exercise of his discretion, and was therefore declared invalid.

The Illinois decisions do not support the hard-and-fast rule suggested by appellant, and it is not always necessary that statutes and ordinances prescribe a specific rule of action. The vesting of some discretion in public officials has often been upheld where it is necessary to protect the public morals, health, safety and public welfare.

In the recent case of *Downey* v. *Grimshaw,* 410 Ill. 21, this court upheld a variation of the zoning ordinance of the village of Glenn Ellyn permitting the petitioner to erect an office building on her property in a residential district. It there stated that in ascertaining whether a particular zoning ordinance is in the interest of the public welfare, each case must be determined upon its own peculiar facts.

In *Arms* v. *Ayer,* 192 Ill. 601, it was held that giving the inspector of factories a discretion as to the number,

location, material and construction of fire escapes on buildings does not render the Fire Escape Act of 1897 unconstitutional, as delegating legislative or judicial power to the inspector. In *City of Chicago* v. *Washingtonian Home,* 289 Ill. 206, an ordinance requiring the owners of certain buildings to install automatic sprinkler systems, and giving the chief of bureau of fire prevention power to approve or disapprove plans for the installation of such sprinklers was held a proper exercise of the police power. See, also, *People ex rel. Armanetti, Inc.* v. *City of Chicago,* 415 Ill. 165; *Wilmot* v. *City of Chicago,* 328 Ill. 552; *Green Point Savings Bank* v. *Board of Zoning Appeals,* 281 N.Y. 534, 24 N.E. 2d 319.

In the present case, based upon a stipulation of facts, signed by all the parties, the trial court found that the congregation proposes to use the Kemper property for a minor seminary upon compliance with all the requirements set forth in the notice from the Department of Public Safety of the State of Illinois. The village superintendent of public works cannot issue a "Certificate for Occupancy and Compliance" until all the specified alterations and improvements have been made.

The only change in the Kemper premises is that the residence or the main building will be occupied by a minor seminary. The improvements required by the village authorities will reduce the danger of fire. In view of the many pronouncements of this court, we hold that the modification provisions of section 437 of the Winnetka municipal code are reasonable and proper; that both portions of section 437 are constitutional and that appellant has not shown any special injury to his premises.

The decree of the superior court of Cook County is, therefore, affirmed.

*Decree affirmed.*